In re Max SUNG HI LIM and Lily Sook Myeng Lim, Debtors.

**Bankruptcy No. 80–00215.**

United States Bankruptcy Court,
D. Hawaii.

Nov. 17, 1980.

See also, Bkrtcy., 7 B.R. 316.

Edward C. Kemper, Honolulu, Hawaii, for debtors.

Steven K. S. Chung, Honolulu, Hawaii, for secured creditor.

Matthew T. Ihara, Honolulu, Hawaii, for creditor's com.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION FOR STAY OF ENFORCEMENT OF ORDERS

JON J. CHINEN, Bankruptcy Judge.

On October 16, 1980, the Debtors, Max Sung Hi Lim and Lily Sook Myeng Lim, filed in this Court a Motion to Stay Enforcement of Orders during the pendency of their appeal to the U. S. District Court. This issue was heard on October 23, 1980 with Edward C. Kemper appearing on behalf of the Debtors, Steven K. S. Chung on behalf of Old Colony Co·Operative Bank, and Matthew Ihara on behalf of the unsecured creditors' committee. The matter was taken under advisement by the Court.

After careful review of the arguments of counsel and the memoranda and records filed herein, the Court hereby denies the Debtors' Motion to Stay Enforcement of Orders for the reasons set forth below.

## I.

The issue in this case arises from the fact that the Debtors had filed a Chapter 11 petition under the newly–adopted Bankruptcy Code immediately following the dismissal of an earlier Chapter XII proceeding under the Bankruptcy Act. To understand the Court's denial of the Debtors' Motion to Stay, it is necessary to review the circumstances surrounding both of the Debtors' petitions.

Immediately prior to the filing of the Chapter 11 petition, the Debtors were engaged in a Chapter XII proceeding which had been commenced on November 30, 1976. After three and a half years, the Chapter XII proceeding was dismissed on February 29, 1980 upon a motion brought by Old Colony Co–Operative Bank, hereinafter "Old Colony", one of the Debtors' largest secured creditors. The Court found that dismissal was proper because of the Debtors' conduct during the proceedings and the fact that they were unable to obtain approval and confirmation of a viable plan of arrangement after three and a half years had passed. *See* Bk. Nos. 76–0474 and 76–0475, Minutes on February 25, 1980 regarding the Motion to Dismiss Chapter XII Proceeding.

The Trustee in the Chapter XII proceeding and the Debtors filed a joint Motion for Reconsideration of the Order Dismissing the Chapter XII proceeding. On April 3, 1980, this Court entered Findings of Fact and Conclusions of Law denying the Motion for Reconsideration, and an Order was entered on April 14, 1980.

Four days later, on April 18, 1980, the Debtors filed a Chapter 11 petition pursuant to the Bankruptcy Code. Old Colony filed a Motion to Dismiss the Chapter 11 Proceeding on May 27, 1980.

On August 8, 1980, this Court entered its Findings of Fact and Conclusions of Law

dismissing the Chapter 11 proceeding for equitable reasons. The Court found that it would be inequitable to permit the Debtors to further prevent a foreclosure by Old Colony against The Big Surf Hotel based upon the Debtors conduct in the earlier Chapter XII proceeding. On September 3, 1980, the Order Dismissing Chapter 11 Proceedings was entered. Debtors then filed a Motion for Reconsideration on September 15, 1980. The Court entered its Order Denying Motion for Reconsideration on October 3, 1980.

On October 6, 1980, the Debtors filed their notice of appeal which is currently pending in the U. S. District Court. During the pendency of their appeal, the Debtors now seek a stay on the enforcement of orders of the bankruptcy court in order to prevent Old Colony's foreclosure of one of their few remaining major assets.

## II.

Under Bankruptcy Rule 805, the Court may in its discretion stay proceedings pending appeal of its orders. Rule 805 states in relevant part:

> Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest.

Although Rule 805 provides no guidance for determining when the court should issue an injunction, the criteria applicable to injunctions under Federal Rule of Civil Procedure 62(c) has been applied in bankruptcy cases involving stays pending appeal. *In re Rock Industries Machinery Corp.*, 10 C.B.C. 295, 296 (E.D.Wis.1976); *In re Lewis Jones, Inc.*, 369 F.Supp. 111 (E.D.Pa.1973). Rule 62 is made applicable to bankruptcy adversary proceedings by bankruptcy Rule 762.

The United States District Court for Hawaii in *Stop H–3 Association v. Volpe*, 353 F.Supp. 14 (D.Haw.1972) adopted a four–part test for determining when a stay

should be granted under Rule 62(c). This is the same test which other courts have developed to reflect certain equitable principles governing injunctive relief. Under this four–part test a stay pending appeal should be granted upon satisfaction of all the following conditions:

1. After the applicant for a stay has made a strong showing that he is likely to succeed on the merits of the appeal;

2. After the applicant has established that unless a stay is granted he will suffer irreparable injury;

3. If the applicant for a stay can show no substantial harm will come to other interested parties; and

4. If the court finds that granting the stay will do no harm to the public interest.

In applying this four–part test it should be noted that a stay will be issued only if each of the conditions is satisfied. Thus, if even one condition is not satisfied, the Court will not issue a stay.

The Debtors assert that unless a stay is granted they will suffer irreparable injury because Old Colony will be able to foreclose on The Big Surf Hotel and the Internal Revenue Service will seize much of the Debtors' remaining assets, thereby rendering their appeal moot since "there would be little hope of having any plan adopted." See Debtors' Memorandum in support of Motion to Stay Enforcement of Orders filed on October 16, 1980. In effect, the Debtors claim that if they are successful on their appeal, the Debtors will not be able to successfully reorganize because there will be no substantial assets left in the estate.

Even if the Debtors are correct in their assertion that they will suffer irreparable injury, the Debtors must nevertheless make a strong showing that they will be likely to succeed on the merits of appeal. This Court finds that the Debtors have not, either in their memoranda or at the hearing on this motion, made a strong showing that they are likely to prevail on the merits of their appeal.

The merits of the Debtors' appeal involve the question of whether or not dismissal of the Chapter 11 proceeding immediately following the dismissal of the Chapter XII proceeding was proper. This Court dismissed the Chapter 11 proceeding because it found that the Debtors had preferred certain creditors over others and failed to pay Old Colony as promised in the Chapter XII proceeding. Thus, it would be inequitable as well as an improper imposition of the Court's jurisdiction to allow the Chapter 11 proceeding to go forth; otherwise the Debtors would be able to avoid paying Old Colony in full after all the unfulfilled promises made in the previous Chapter XII proceeding. The Debtors have not alleged any new facts which indicate that dismissal of the second petition was improper.

■ In this case, the bankruptcy court is placed in an unusual position where it must review its own order. Nevertheless, this Court finds that upon careful review of its Order Dismissing the Chapter 11 Proceeding, as well as the memorandum in support of the Motion for Stay, the Debtors have not demonstrated a reasonable probability of success on the merits of the appeal. The Debtors must make out a stronger showing than a prima facie case as a prerequisite to the granting of a stay on appeal. *Bayless v. Martine*, 430 F.2d 873, 879 (5th Cir. 1970).

Even assuming the Debtors have shown that they would be likely to prevail on the merits on appeal, the Debtors have failed another prerequisite of the test, that is, that no substantial harm will result for other interested parties. As earlier stated by this Court, the Debtors have been in prolonged default on the promissory note and mortgage held by Old Colony and, because of the Debtors' actions, Old Colony has not been able to obtain relief since April of 1976. It is recognized that lending institutions sustain damages when they are enjoined from proceeding with their right to foreclose. In *In re Holiday Lodge, Inc.*, 300 F.2d 516 (7th Cir. 1962), the Court stated:

We are not unaware of the natural effect of prolonged interference with a foreclo-

sure proceeding brought by a savings association, such as appellant in this case. It amounts to a freezing of assets, while it is in effect, a condition which is not consistent with that degree of liquidity requisite in any financial organization engaged in the acceptance of investment of the funds of many members of the public. *Id.* at 520.

Old Colony's inability to proceed with a foreclosure action against The Big Surf Hotel for three and a half years amounts to a freezing of assets, and Old Colony has suffered irreparable injury. Therefore, any further interference or delay in the foreclosure proceeding will substantially harm Old Colony.

The record clearly indicates that Old Colony is being injured without any foreseeable benefit. Although monthly payments are being made to Old Colony, arrearages and costs and expenses incurred remain outstanding. Old Colony has demonstrated good faith in working with the bankruptcy court and the Debtors for the past four years. Any further delay would be inequitable and inappropriate, therefore, Old Colony should be allowed to satisfy its substantial claims.

### III.

Under the applicable Bankruptcy rules the question of a stay pending appeal is discretionary. *In re Rock Industries Machinery Corp.*, 10 C.B.C. 295, 296 (E.D.Wis. 1976); 13 Collier on Bankruptcy ¶ 805.05 (14th ed. 1979). After careful consideration of the equities involved in this case the Court finds that the Motion for Stay of Enforcement of Orders should not be granted.

The fact that the Debtors will suffer irreparable injury, in that it would be difficult to restore the status quo should Debtors prevail on appeal, is outweighed by other considerations. Under the applicable criteria for stays pending appeal, the Debtors have failed to show they are likely to prevail on the merits of the appeal and furthermore, the creditors, particularly Old Colony, would be directly injured by issuance of a stay which would cause further delay in obtaining relief.

Based on the foregoing discussion the Court hereby Orders that the Debtors' Motion to Stay Enforcement of Orders be Denied.