In re WHITE MOTOR CORPORATION, Gemini Manufacturing Co., White Motor Corporation of Canada Limited, the White Motor Credit Corporation of Canada Limited, Debtors.

ROCKWELL INTERNATIONAL CORPO-
RATION, et al., Appellants,

v.

WHITE MOTOR CORPORATION,
Appellee.

The TIMKEN COMPANY, Appellant,

v.

WHITE MOTOR CORPORATION,
Appellee.

SKF INDUSTRIES, INC., Appellant,

v.

WHITE MOTOR CORPORATION,
Appellee.

Robert L. DEATON, Garelick Farms, Inc. and Hanover Insurance Company, Appellants,

v.

WHITE MOTOR CORPORATION,
Appellee.

Elva C. LEAPHART and Quentin R. Corrie, Esq., Administrators of the Estate of Newton Bennie Leaphart, Appellants,

v.

WHITE MOTOR CORPORATION,
Appellee.

Larry MOORE and Brenda
Moore, Appellants,

v.

WHITE MOTOR CORPORATION,
Appellee.

Misc. Nos. 82–38 to 82–42 and Civ. A. No. C82–2426.

United States District Court,
N.D. Ohio, E.D.

Sept. 28, 1982.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

The Court, having ruled from the bench in this matter on September 24, 1982, hereby submits its findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. Pending before the Court are five Applications for Leave to Appeal filed by: (1) Rockwell International Corporation, Misc. No. 82–38; (2) The Timken Company, Misc. No. 82–39; (3) SKF Industries, Inc., Misc. No. 82–40; (4) Robert L. Deaton, Garelick Farms, Inc. and Hanover Insurance Company, Misc. No. 82–41; and (5) Elva C. Leaphart and Quentin R. Corrie, Esq., Administrators of the Estate of Newton Bennie Leaphart, Misc. No. 82–42. Also pending is a Notice of Appeal filed by Larry and Brenda Moore, C82–2426 which, pursuant to Interim Bankruptcy Rule 8004(d), this Court may view as a timely and proper Application for Leave to Appeal. Also pending is a Motion for Reconsideration of this Court's Order granting SKF Industries' Application for Leave to Appeal. Noting that SKF has not yet filed a brief or acted in reliance on this Court's grant of Leave to Appeal, this Court will continue to treat SKF's application as pending and has considered White's Motion for Reconsideration in the opinion below.

Also pending with respect to two cases, 82–41 and 82–42, is a Joint Motion to Consolidate. For purposes of this opinion, the Court hereby consolidates all of the above cases.

These Applications for Leave to Appeal (hereinafter "Applications") and the Notice of Appeal all arise from the Bankruptcy Court's adoption of an Order Regarding Product Liability Claims Disposition Program, dated July 7, 1982 (hereinafter the "Order"). Pursuant to that Program, the Special Master issued a Special Master Hearing Memorandum, undated, which the parties requested be stayed by this Court. On September 13, 1982, this Court granted a 10-day stay of the Memorandum. The Bankruptcy Court's Order applied to over 120 different product liability suits which have been filed against the debtor-appellee White Motor Corporation (hereinafter "White") during its many years of operation prior to the filing of its petition for reorganization. The Orders entered with respect to each of these suits are substantially similar, differing only with respect to the particular named product liability suit to which each order applies. The appellants all assert the substantially similar claim that the Order is invalid. The parties before this Court constitute just a handful of those who are affected by the Order.

This Court has jurisdiction pursuant to the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, Title IV, sec. 405(c)(2), 92 Stat. 2549, 2685 (1978) which provides that, during the transition period from October 1, 1979 through March 31, 1984, the jurisdiction of the district courts to hear bankruptcy appeals shall be governed by the future 28 U.S.C. § 1334.[1]

While final orders can be appealed as a matter of right, Interim Bankruptcy Rule 8004 requires that leave to appeal under 28

---

1. Title 28 U.S.C. § 1334 provides in part: (a) The district courts ... shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts. (b) The district courts ... shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

U.S.C. § 1334(b) be requested prior to the appeal of an interlocutory order. Accordingly, this Court must determine whether the Bankruptcy Judge's Order is a final order appealable of right or an interlocutory order from which leave to appeal must be granted.

Sections 236–238 of the Bankruptcy Act established an appellate system granting the right to appeal from final judgments, orders and decrees of bankruptcy judges under 28 U.S.C. § 1293 and § 1334(a). However, the Act does not define "final". This is procedurally troublesome because it is not always clear whether a particular order is final or interlocutory. *See, Collier on Bankruptcy,* para. 3.03(7)(d)(v) at 3–308 (15th ed. 1982). Section 1293 governing bankruptcy appeals appears to have been modelled after § 1291 which establishes the authority of the federal courts of appeals to review civil decisions of the district courts. *Id.* at 3–309.

■■■ Pursuant to 28 U.S.C. § 1291, matters which otherwise might have been considered interlocutory have been deemed final and appealable under the "collateral order doctrine". *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The collateral order doctrine permits the review of decisions which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225. Once an order meets the collateral order test, it falls into "that small class" of interlocutory orders which are final, and therefore appealable, unlike interlocutory orders which do not meet the collateral order test and therefore must meet the two-part test for appealable interlocutory orders. *Id.*

■■■ Under *Cohen* and *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the three-part test for qualification as a collateral order requires that the order: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action, and; (3) be effectively unreviewable on appeal from a final judgment. The Supreme Court recognized that, in some cases, review after a final order has been issued in the main action will come too late to prevent the irreparable loss of a claim. The collateral order doctrine is designed to protect the rights of all the parties when no other effective alternative is available. *Swift & Co. Packers v. Compania Columbiana Del Caribe,* 339 U.S. 684, 689, 70 S.Ct. 861, 865, 94 L.Ed. 1206 (1950).

■ In the instant case, the policy behind the collateral order doctrine is especially applicable and the order appealed from satisfies the *Cohen* requirements. The order governs a matter "fairly severable from the context of a larger litigious process." *Id.* The Bankruptcy Judge's Order is a procedural step wholly collateral to the merits of the product liability claims against the debtor White. The claimed basis for the applicants' appeals—that the Bankruptcy Court lacks jurisdiction to approve the creation of a Program under which a Special Master will determine the merits of numerous product liability claims—is distinctly separate from the dominant questions of the merits of the products liability suits.

The bankruptcy appellate scheme has adopted the collateral order doctrine. *See, In Re Casco Bay Lines, Inc.,* 14 B.R. 846 (Bkrtcy.App. 1st Cir.1981).

It is clear that the Order sought to be appealed has conclusively determined that the challenged Program be implemented. The Special Master has already begun formulating a plan of action under the Program and has issued a Special Master Hearing Memorandum.

Should applicants be forced to delay an appeal of this collateral order until after White's reorganization is completed and final judgment entered by the Bankruptcy Court, the jurisdictional challenge will be effectively unreviewable. Assets will have been depleted and other potentially liable parties dismissed or discharged. This Court

is compelled by the collateral order doctrine's policy of protecting the parties to rule that applicants' appeals should be granted. An immediate appeal is necessary to prevent the irreparable loss of assets resulting from the payment of fees arising from implementation of the challenged Program. To require applicants' appeal to atrophy as the Program functions during the pendency of White's extended bankruptcy proceedings would be in defiance of the line of cases recognizing *Cohen's* importance. *See also, Coopers & Lybrand v. Livesay, supra.*

 Even if the Bankruptcy Judge's Order did not meet the collateral order test, the Order would still be appealable under 28 U.S.C. § 1334(b), with leave of this Court.

This is not the first court to note that neither 28 U.S.C. § 1334(b), quoted above, nor any of the Interim Rules or provisions of the Bankruptcy Reform Act enunciate standards for determining when leave to appeal should be granted. *See, In Re Den-Col Cartage & Distribution, Inc.,* 20 B.R. 645 (D.C.Col.1982). *Collier on Bankruptcy* para. 3.03(7)(d)(v) (15th ed. 1982). In the absence of any other standards, courts have held that it is appropriate to apply the statutory standards governing interlocutory appeals from district courts to courts of appeals pursuant to 28 U.S.C. §§ 1291–1292. *Id.* In the instant case, § 1292(b) is appropriately applied. If the bankruptcy judge's decision involves a "controlling question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation", then an interlocutory appeal will be justified. *Id.,* citing § 1292(b).

The challenged Order satisfies this two-part test. First, applicants' jurisdictional challenge to the Bankruptcy Court's power to approve the Program involves a controlling question of law. In light of the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct.

2858, 73 L.Ed.2d 598 (1982), it is evident that the precise extent of the bankruptcy courts' jurisdiction and power is a matter as to which there is substantial ground for difference of opinion. Applicants' constitutional claims are substantial and worthy of closer scrutiny on appeal.

In its Motion for Reconsideration, White argues that the jurisdictional challenge, while generally a suitable ground for interlocutory appeal, is not appropriately appealable in this particular case because the United States Supreme Court stated that its decision in *Northern Pipeline* should be stayed until October 4, 1982. This Court rejects White's argument that the *Northern Pipeline* decision has that effect on this case. This Court specifically found, in its opinion of September 20, 1982, that the Supreme Court's ruling in *Northern Pipeline,* to the effect that it is to be applied only "prospectively", does not prohibit a *direct appeal* which challenges the Bankruptcy Court's subject matter jurisdiction. Decision of September 20, 1982 at 9, and authorities there cited.

As to the second part of the interlocutory appeal test, a determination of the Bankruptcy Court's authority to approve this Program for its stated purpose will materially advance the ultimate termination of the litigation surrounding White's reorganization. Should it be determined that the Program cannot be used for the disposition of the product liability claims, that decision is best made before waste or delay caused by the Program's implementation occurs.

Having determined that the challenged Order is properly reviewable, this Court next considers the timeliness of the Applications. Interim Bankruptcy Rule 8004(a) adopts a ten day period for filing the Notice of Appeal provided for in Bankruptcy Rule 802. Accordingly, the applications and notice must have been filed on or before July 19, 1982. Case No. C82–2426, and Misc. Nos. 82–38 and 82–40 meet the filing deadline. In Misc. Nos. 82–41 and 82–42 an extension was requested pursuant to Rule 802(c), and the applications were filed within the twenty day extension granted.

Therefore the five above applications were timely filed. Misc. No. 82–39, The Timken Company, however was not filed on time and no extension of time was requested. Despite Timken's failure to timely file, this Court will grant its application under Bankruptcy Rule 802(a) which states in part: "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed..." This Court finds that because Timken is a co-defendant in the same product liability suit brought against SKF Industries and Rockwell International, Timken is a "party" as contemplated by Rule 802. Rockwell and SKF both timely filed their applications, and therefore this Court finds that Timken's application can ride on the coattails of those timely filed applications and thereby be considered filed on time.

For the above reasons, the Applications for Leave to Appeal are granted and White's Motion for Reconsideration is denied.

On September 13, 1982, this Court issued a Stay of the implementation of the Special Master's Hearing Memorandum pursuant to Bankruptcy Rule 805. The rule permits district courts to entertain such a motion if it can be shown why the requested relief was not obtained from the bankruptcy court. This Court notes that the Motion for a Stay presented to the Bankruptcy Court by the Leapharts and Deaton on September 9, 1982, has not yet been ruled on by that court. Accordingly, this Court finds that it may appropriately entertain the motion in light of the pending appeals. In considering bankruptcy cases involving stays pending appeal, the criteria invoked in determining whether to grant an injunction under the Federal Rule of Civil Procedure 62(c), are applicable. *In re Sung Hi Lim,* 7 B.R. 319 (D.Haw.1980).

This Court finds:

(1) That in light of this Court's decision of September 20, 1982, 23 B.R. 276 (D.C. 1982) ruling that the Bankruptcy Court did not have the authority to appoint a Special Master for the disposition of product liability claims, and recognizing that the Special Master's only purpose was to formulate the challenged Program, the appellants are likely to succeed on the merits of their appeal challenging the Bankruptcy Court's approval of the Program;

(2) That irreparable harm will result to appellants and the judicial system from the continued implementation of a Program which may be determined to be constitutionally impermissible;

(3) That no other parties will be substantially harmed by this Court's stay, maintaining the status quo for the next few days pending a decision on the merits of the appeal; and

(4) That the public interest will be served by prohibiting all parties from incurring additional expenses and further depleting the assets of the Bankrupt's estate through continued implementation of the challenged Program.

For the above reasons, the Stay is continued until October 1, 1982.

IT IS SO ORDERED.