**In re Larry Allen BECK, Pegge Anne Beck, Debtors.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**S.K. AUSTIN CO., dba Austin Power Equipment, Defendant.**

**Adv. No. 81–0895.**
**Bankruptcy No. 81–01584.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 31, 1983.

John J. Hunter, Toledo, Ohio, trustee/plaintiff.

Richard R. Huber, Oberlin, Ohio, for defendant.

## ORDER GRANTING CONDITIONAL STAY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Appellant's (Defendant's) motion for a stay pending appeal of this Court's judgment, 25 B.R. 947, entered December 23, 1982 in favor of the Appellee (Plaintiff) in the amount of $15,000.00 and upon the objections thereto by the Appellee. It is the decision of the Court that a stay be granted if and when Appellant gives, and the Court approves, a sufficient and adequate cash or surety bond.

The Appellant's motion for stay pending appeal is brought pursuant to Rule 805 of the Bankruptcy Rules which, in pertinent part, as modified by the Bankruptcy Code, provides as follows:

A motion for a stay of the judgment or order of a [bankruptcy court] for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the [bankruptcy court]. Notwithstanding Rule 762 but subject to the power of the [appellate panel, or district court, or court of appeals] reserved hereinafter, the [bankruptcy court] may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the [bankruptcy court], may be made to the [appellate panel, or district court, or court of appeals], but the motion shall show why the relief, modification, or termination was not obtained from the [bankruptcy court]. The [appellate panel, or district court, or court of appeals] may condition the relief it grants under this rule upon the filing of a bond or other appropriate security with the [bankruptcy court].

Since Appellant's motion makes no mention of an intent or desire to post a supersedeas bond under Rule 62(d) Fed.R.Civ.P., made applicable to adversary proceedings under the Bankruptcy Rules by Rule 762, this Court will first consider whether Appellant's motion is sufficient to invoke the Court's descretionary power to grant a stay without posting a bond.

In *Moore v. White Motor Corp. (In re White Motor Corp.),* 25 B.R. 293, 9 B.C.D. 1042, 1044 (D.C.N.D.Ohio 1982) the district court determined that, in considering bankruptcy cases involving stays pending appeals, the following standard adopted by the court in *In re Sung Hi Lim,* 7 B.R. 319, 321 (Bkrtcy.D.Hawaii 1980) should be applied in determining if a stay pending appeal should issue:

1. Appellant is likely to succeed on the merits of the appeal.

2. Appellant will suffer irreparable injury.

3. No substantial harm will come to appellee.

4. The stay will do no harm to the public interest.

*See also Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Co., Inc. (In re D.H. Overmyer Telecasting Co., Inc.)* 18 B.R. 110 (Bkrtcy.N.D.Ohio 1982); *Wymer v. Wymer (In re Wymer)* 5 B.R. 802, 6 B.C.D. 855 (Bkrtcy. 9th Cir.1980). In applying the above standard it should be noted that each of the above conditions must be

satisfied as a condition to issuance of a stay. *In re Sung Hi Lim,* 7 B.R. at 321.

■ Adopting the standard applied in *White Motor, supra,* and applying it to the instant motion, the Court concludes that the issuance of a discretionary stay without bond under Rule 805 is inappropriate under the circumstances of this case.

First, Appellant has failed to demonstrate any likelihood of succeeding on the merits of the appeal. Although the motion for stay pursuant to Rule 805 states that there are "many serious constitutional issues involved in this appeal", Appellant has failed to offer any argument or cite any controlling authority in support of its contention that this Court's previous determinations of the issues involved was erroneous. Furthermore, upon examination of Appellant's statement of the issues he intends to present on appeal to the district court, this Court can discern no issue of fact or law which it feels will reasonably be subject to question.

Appellant argues that enforcement of the Court's December 23, 1982 judgment would force Defendant, a small closely held corporation, out of business and thus, assuming that this is true, there has been a showing of possible irreparable injury to Defendant sufficient to meet the second condition for issuance of a stay. This same showing, however, increases the possibility of substantial harm to the Appellee and the public interest if a deterioration of Appellant's financial condition during the course of the stay would render the judgment valueless. The possible harm to the Appellee is direct in that his possibilities of recovery through writ of execution may diminish through the course of a stay. The public interest may be less directly, though not insubstantially harmed, by virtue of the failure of the trustee in bankruptcy to recover for the benefit of the estate the value of the asset preferentially transferred.

■ The failure of the Appellant to meet the condition for issuance of a discretionary stay without bond, however, does not exhaust the possibilities of Appellant obtaining a stay pending appeal. The second sentence of Rule 805 provides that "[n]ot-withstanding Rule 762 but subject to the power of the district court reserved hereinafter, the [bankruptcy court] may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest." This sentence has been interpreted as vesting in the bankruptcy judge and district judge "the widest possible latitude and discretion in granting or denying stays on appeal to the district judge". *See* 13 *Collier on Bankruptcy,* ¶ 805.05 at 8–55 (14th Ed.1943). Thus, even if Rule 805 is interpreted as being in conflict with Rule 62(d) Fed.R.Civ.P., which provides a right to a stay, with certain exceptions, by doing all things necessary to perfect an appeal and by posting a proper supersedeas bond, *see Collier supra; contra Farmer v. Crocker National Bank (In re Swift Aire Lines, Inc.),* 21 B.R. 12 (Bkrtcy. 9th Cir.1982), this Court holds that under Rule 805 it has the discretion, if it will "protect the rights of all parties in interest", to condition the grant of a stay upon the giving and approval of a supersedeas bond under Rule 62(d) Fed.R. Civ.P.

The granting of a stay on condition that Appellant give and the court approves a supersedeas bond would effectively protect the Appellee and the public from the contingencies discussed earlier and therefore "protect the rights of all parties in interest" under rule 805. The Court must therefore determine the proper amount of a cash or surety bond which, according to the terms of Rule 62(d) Fed.R.Civ.P., when and if given by Appellant and approved by the Court, would give Appellant a stay of the Court's December 23, 1982 judgment pending appeal to the district court.

Although the standard for setting the amount of a supersedeas bond under Rule 62(d) Fed.R.Civ.P. is not presently governed by any of the Federal Rules of Civil Procedure, "former Rule 73(d) described what always has been good practice on a supersedeas bond, and except as the matter now is regulated by local rules in a particular district, it is still a useful guide in these matters." Wright & Miller, *Federal Practice*

*and Procedure:* Civil § 2905 at 327. Since there is no governing local rule in this district, the Court will therefore apply the standard under former Rule 73(d).

The court in *In re Wymer, supra,* summarized the standard for supersedeas bonds under rule 62(d) incorporating the former Rule 73(d) standard as follows:

> 1. The non-discretionary, matter-of-right stay requires a bond in sufficient amount to cover the unsatisfied judgment, costs on appeal, interest and damages for delay. Former Rule 73(d).
>
> 2. For cause, established after notice and a hearing, the court has discretion to:
>
> a. Fix a different amount, or
>
> b. Order security other than the bond.

5 B.R. at 805.

The Court will therefore order that bond be set at $15,500.00, with $15,000.00 representing the amount sufficient to satisfy the Appellee's unsatisfied judgment and $500.00 representing anticipated costs on appeal, interest and damages for delay. This may be satisfied by a cash bond or surety bond from the list of qualified sureties published by the Administrative Office of the United States Court. The stay on execution of the judgment will be effective only if and when Appellant gives and this Court approves the bond.

In the light of the foregoing, it is hereby,

ORDERED that Appellant's motion for stay of this Court's December 23, 1982 judgment be granted if and when Appellant gives the Clerk of this Court, and this Court approves, a cash or surety bond in the amount of $15,500.00. It is further,

ORDERED that upon the giving of such bond and the approval of this Court a stay be, and hereby is, granted against the Appellee, his officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, of any act or remedy to collect or execute on the judgment entered December 23, 1982 by this Court in the above captioned case.