**In re Gene CRESCENZI, Debtor.**

**Bankruptcy No. 84 B 10399 (PBA).**

United States Bankruptcy Court,
S.D. New York.

Nov. 5, 1985.

A. Lawrence Washburn, Jr., New York City, for debtor.

David Helfant, New York City, for Paul I. Krohn, Adm'r, C.T.A., for Estate of Sally Lippner.

Wisehart & Koch, (Irene M. Opsahl, of counsel), New York City, for Jamice Carey.

Jeffrey Sapir, Yonkers, N.Y., Chapter 13 Trustee.

### MEMORANDUM DECISION ON MOTION FOR STAY PENDING APPEAL AND TO AMEND DECISION

PRUDENCE B. ABRAM, Bankruptcy Judge:

On September 30, 1985, this court issued its decision dismissing the Chapter 13 petition filed by the debtor, Gene Crescenzi, on the grounds that the amount of his debts rendered him ineligible for Chapter 13. See 53 B.R. 374, 13 B.C.D. 696. The court stayed the dismissal for 10 days to give Crescenzi the opportunity to convert his case to one under Chapter 7 or 11 or to obtain a stay pending appeal should he be so advised.

Crescenzi filed a notice of appeal on October 8, 1985 and at the same time filed a

motion for a stay pending appeal and to amend the court's decision. On October 9, 1985, the court signed an order to show cause fixing a hearing on the motion and continuing the automatic stay of Bankruptcy Code § 362 in effect pending determination of the application. Hearings were held on the motion on October 9 and 23, 1985. Affidavits in opposition were filed on behalf of two creditors, Jamice Carey and Paul I. Krohn, administrator cta of the estate of Sally Lippner.

The basis for the request for the stay is stated to be the significance of the issues addressed by the September 30 decision, the lack of prejudice to other parties and the irreparable injury to Crescenzi. An important consideration in determining whether to grant a stay pending appeal is the probability of success on the merits. See *In re Beck*, 26 B.R. 945 (Bankr.N.D. Ohio 1983) (The standard to be applied in determining whether to grant a stay pending appeal is whether (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest.) In the September 30 decision, the court did render an alternative holding that is apparently contrary to substantial reported authority. See September 30 Opinion at 375–378. Carey has argued that the debtor has mischaracterized the opinion and that the "court's careful, well-reasoned opinion is manifestly more likely than not to be followed on appeal." Affidavit of Arthur M. Wisehart at 2. Although this court obviously believes its decision on the construction of Code § 109(e) to be correct, it cannot be so sanguine as Carey about the outcome of an appeal on that point. Rather, the court concurs in the reasoning put forward by Krohn that the court's finding that Crescenzi's debt to Krohn was neither contingent nor unliquidated is "not contrary to any existing precedent." Affidavit of David Helfant at 3. Although more fully discussed below, the court also does not believe that Crescenzi is likely to prevail on appeal with respect to the separate issue of whether Krohn is the holder of a claim. The court rates Crescenzi's overall prospects for success on appeal as low, although not non-existent.

Crescenzi asserts that he will suffer irreparable harm if the stay is not granted because he is likely to be incarcerated pursuant to a state court action in connection with his litigation with Krohn once the stay is lifted. Whether Crescenzi's reincarceration in connection with the state court litigation, discussed at pages 379–382 of the court's September 30 decision, once the stay is lifted is appropriate is a matter for the state court to decide. This court has provided through the stay contained in the October 9 order to show cause a transitional stay sufficient to enable Crescenzi to have an adequate opportunity to replead his position in the state court in an effort to avoid reincarceration. Since denial of the stay will not necessarily result in Crescenzi's reincarceration, its grant is not essential to prevent irreparable injury.

The appellees Krohn and Jamice have already been delayed in the collection of their claim by the automatic stay for the 19 months this Chapter 13 case has been pending. Their interests would be harmed by a continuation of the stay. Furthermore to the extent that any public interest may be said to be invoked, that interest must be in seeing that the automatic stay is not unnecessarily invoked by debtors. Thus, there is harm to the public interest in continuing the automatic stay when a debtor has been determined to be ineligible for relief under Chapter 13 of the Bankruptcy Code. For these reasons the court declines to issue a stay pending appeal.

■ The other branch of Crescenzi's motion, which seeks to have the court amend its decision, asserts that the court failed to address directly § 2111 of the Surrogate's Court Procedure Act ("SCPA") and mischaracterized the order of Surrogate Bloom. In his original papers and the present motion, Crescenzi has discussed at length the reasons why he believes the various state court orders in the Krohn

matter are wrong. Whether they are right or wrong is of no legal moment to this court as this court must accept the orders as they are. This court may not second-guess the state courts nor act as a kind of appellate forum and is bound by the principles of *res judicata* to respect the various rulings of the state court. See *In re Mastercraft Record Plating, Inc.*, 39 B.R. 654 (D.C.S.D.N.Y.1984), reversing 32 B.R. 106 (Bankr.S.D.N.Y.1983). For these reasons, this court found it unnecessary to consider the substance of SCPA § 2111 which is relevant only to the substantive propriety of the state court orders.

Nor does this court believe it mischaracterized the effect of Surrogate Bloom's orders. This court found that the orders created a claim, as that term is defined in the Bankruptcy Code, in favor of Krohn that was neither contingent nor unliquidated when the Chapter 13 petition was filed. Indeed, there would be a potentially paradoxical result if Crescenzi's argument that Krohn is not presently the holder of a claim were correct. The automatic stay, which Crescenzi filed his Chapter 13 petition to invoke and which he so earnestly desires to have continue, might well be unavailable to prevent enforcement of the incarceration order if Krohn does not hold a claim as the automatic stay's main function is to protect debtors against attempts by creditors to collect on their claims.

Krohn has urged in the affidavit submitted in opposition to the stay request that the Chapter 13 petition would have to be disallowed even without the Krohn claim because Crescenzi's other debts would exceed the $100,000 unsecured debt limit. This conclusion is reached by Krohn by adding post-judgment, pre-Chapter 13 filing interest to the Jamice claim. This was nowhere urged in the prior papers, although clearly it was available for either Krohn or Jamice to urge. The court finds it unnecessary to reach this issue at this time as it would become material only if the court's characterization of the Krohn claim were not upheld on appeal.

 The motion for a stay pending appeal is denied. The motion to amend the decision is granted to the extent the opinion is enlarged as set forth herein and in a companion order correcting certain technical errors in the opinion.

It is so ordered.