**In re Gene CRESCENZI, Debtor.**

**No. 85 Civ. 8857–CSH.**

United States District Court,
S.D. New York.

Jan. 16, 1986.

A. Lawrence Washburn, Jr., New York City, for debtor.

David Helfant, New York City, for Paul I. Krohn.

Wisehart & Koch, New York City, for Jamice Carey; Arthur M. Wisehart, of counsel.

MEMORANDUM OPINION
AND ORDER

HAIGHT, District Judge:

In this bankruptcy case, I am asked to issue an order granting a stay pending

appeal from an order of Bankruptcy Judge Prudence B. Abram. The prospective appellant is the debtor, Gene Crescenzi, who has initiated in this District a petition under Chapter 13 of the Bankruptcy Code.

In his initial filing, counsel for Crescenzi suggested that the instant application be heard by District Judge Weinfeld, who is presiding over a civil action involving some of the individuals referred to in the bankruptcy action. The Clerk of the Court declined that suggestion. The instant proceeding was referred to the undersigned by lot. After considering the papers, I have concluded that the issues bearing upon whether or not a stay should issue—that being the thrust of the present application—are not sufficiently related to the case before Judge Weinfeld to make a reference to him appropriate. Accordingly I will determine the application.

As noted, Crescenzi initiated this case by filing a petition under Chapter 13 of the Code. In an opinion dated September 30, 1985, 53 B.R. 374 (Bkrtcy.N.Y.1985), Judge Abram dismissed the Chapter 13 petition on the ground that the provisions of 11 U.S.C. § 109(e)[1] rendered Crescenzi ineligible to maintain the action. Judge Abram ordered the Chapter 13 petition dismissed, with execution of that order stayed for ten days, "to give Crescenzi the opportunity to convert his case to one under Chapter 7 or 11 or to obtain a stay pending appeal

should he be so advised." Decision of December 30, 1985, final paragraph.

For reasons which will appear *infra,* the practical consequence of the dismissal of Crescenzi's Chapter 13 action will probably be his incarceration under orders of contempt previously issued by New York State judges.

Crescenzi did not convert the case to one under Chapter 7 or 11 within the time given him by Judge Abram. Instead, he applied to the Bankruptcy Judge for a stay pending appeal. Judge Abram denied a stay in a Memorandum Opinion and Order dated November 5, 1985, 54 B.R. 557.

Crescenzi now applies to this Court for a stay pending appeal, invoking the procedures set forth in Bankruptcy Rule 8005.[2] Under this rule, and its predecessor, Rule 805, the district court has the power to stay an order or judgment of the bankruptcy court, or "other relief pending appeal," as long as such relief was first sought in the bankruptcy court. In such circumstances, the authority of the district court is comparable to that of the court of appeals under Rule 8 of the Federal Rules of Appellate Procedure. *In re Petrusch,* 14 B.R. 825, 826 (nl) (N.D.N.Y.), *aff'd,* 667 F.2d 297 (2d Cir.1981), *cert. denied,* 456 U.S. 974, 102 S.Ct. 2238, 72 L.Ed.2d 848 (1982).

The generally accepted criteria for a stay pending appeal in bankruptcy matters are set forth in *In re Beck,* 26 B.R. 945, 946 (Bkrtcy.N.D.Ohio 1983). The following

**1.** The section provides:
"Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title."

**2.** That rule provides in part:
"A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief

pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court ..."

factors militate in favor of a stay pending appeal:

"1. Appellant is likely to succeed on the merits of the appeal.

"2. Appellant will suffer irreparable injury.

"3. No substantial harm will come to appellee.

"4. The stay will do no harm to the public interest."

In the view I take of this case, it is sufficient to consider only the first factor: likelihood of success on the merits of the appeal.

Section 109(e) of the Bankruptcy Code contains two independent, discrete grounds for disqualification of a debtor under Chapter 13. The section, whose full text appears in the margin at n. 1 *supra*, provides in pertinent part:

"Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 *and* noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under chapter 13 of this title."

Under the plain wording of the statute, a debtor must satisfy both dollar limits on Chapter 13 eligibility.

While Judge Abram's opinion deals with other issues, I find it sufficient on this application for a stay pending appeal to observe that there is little likelihood of Crescenzi persuading an appellate tribunal that, on the date of the filing of his Chapter 13 petition, his noncontingent, liquidated, unsecured debts were less than $100,000. In point of fact, there were two judgments outstanding against Crescenzi at the time of his Chapter 13 filing. The details of the claims giving rise to these judgments are stated in detail in Judge Abram's opinion of September 30, 1985 at slip op. 6–15. I need not set forth the facts again in detail. It is sufficient for present purposes to say that on March 28, 1983, Crescenzi executed an affidavit of confession of judgment confessing indebtedness

to Paul I. Krohn, the administrator c.t.a. of the estate of Sally Lippner, deceased, in the amount of $320,000. That amount represents the sum which Crescenzi then admitted to having received from the Lippner estate, purportedly for attorney's fees; a series of surrogate's court and appellate division rulings have directed Crescenzi to return that money to the estate or go to prison. An accounting filed by Crescenzi subsequent to the confession of judgment reflects that he has received $355,937.22 as legal fees from the estate. That greater amount is embraced by the state court's rulings and directions. In any event, it is disingenuous to suggest that a confession of judgment, in existence at the time the Chapter 13 petition was filed, did not constitute a "noncontingent, liquidated" claim at the time of the filing. The debt was "noncontingent" because of the confession of judgment. It was "liquidated" in the amount of $320,000 at the time the confession was executed. To be sure, Crescenzi's subsequent accounting revised the liquidated amount upwards by some $35,000, but that hardly assists Crescenzi in demonstrating that his noncontingent, liquidated debts at the time of filing the petition were less than $100,000.

I am mindful of the fact that Crescenzi continues to press a claim for legitimate attorney's fees covering services rendered to the Lippner estate. At some future time Crescenzi's claim for services may find favor with the state courts, at least in part, although the climate Crescenzi has created (one of contumely and disregard for the state court's orders, coupled with receipts of cash from the estate which are at least *prima facie* improper) is not, one would imagine, favorable to his claims. But that remains for the future. The fact is that at the time Crescenzi filed his Chapter 13 petition, he had been ordered by the state courts to pay to the Lippner estate an amount in excess of $300,000, and had signed a confession of judgment further obligating him to do so. This is the quintessential "noncontingent, liquidated" debt.

The second judgment was recovered by Jamice Carey against Crescenzi and another defendant, jointly and severally, in the state court for $89,784.79. The circumstances giving rise to this judgment are set forth in Judge Abram's opinion. It is common ground that at the time Crescenzi filed his Chapter 13 petition, Jamice Carey's judgment against him was final, and not the subject of any appeal or any stay of enforcement. Again, we are in the uncontrovertible presence of a "noncontingent, liquidated" debt.

Crescenzi's claims of continuing disputes or eventual offsets (the attorney's fee issue) are insufficient in law to alter the character of these particular debts as "noncontingent, liquidated, unsecured debts." For purposes of section 109(e) classification, it is well settled that the terms " 'liquidated' and 'disputed'...are separate and distinct." *Matter of Vaughan*, 36 B.R. 935, 938 (N.D.Ala.1984). *See also In re Sylvester*, 19 B.R. 671, 673 (Bkrtcy.App. 9th Cir.1982) ("[T]he fact that the respondent may have defenses or counterclaims against the claimant would not affect the note's character as liquidated....").  The *Sylvester* court continued:

> "In summary, the Dow Jones claim was liquidated on the date of filing because it was based on contract and the amount of the claim was readily ascertainable; the fact the claim was disputed was not relevant for purposes of § 109(e), and the fact it was subject to defenses and counterclaims was likewise not relevant."

*Ibid.*

In short, Crescenzi has not demonstrated a sufficient likelihood of success on an appeal from Judge Abram's order to justify a stay pending appeal. The requested stay is denied. In particular, the existence of noncontingent, liquidated, unsecured debts in these amounts at the time of the filing is sufficient to disentitle Crescenzi from Chapter 13 relief. I need reach no other issue.

It is SO ORDERED.