In the Matter of CYBERNETIC SERVICES, INC., Debtor.

Bankruptcy No. GL 88–03083.

United States Bankruptcy Court, W.D. Michigan.

Jan. 12, 1989.

Edward Spence, Lansing, Mich., for Cybernetic Services, Inc.

Douglas J. Austin, Lansing, Mich., for P & K Associates.

---

MEMORANDUM OPINION REGARDING REJECTION OF NONRESIDENTIAL REAL PROPERTY LEASE, MODIFICATION OF AUTOMATIC STAY AND MOTION FOR STAY PENDING APPEAL

JAMES D. GREGG, Bankruptcy Judge.

Cybernetic Services, Inc., hereinafter "Debtor", filed its petition for relief under Chapter 11 of the Bankruptcy Code on October 3, 1988.[1] No trustee has been appointed and the Debtor is now a debtor-in-possession. 11 U.S.C. § 1101(1). One of the Debtor's assets-liabilities[2] listed on its Statement of Executory Contracts was a lease with P & K Associates, hereinafter "Lessor", respecting certain nonresidential real property located at 245 Ann Street, East Lansing, Michigan. Per the statement, the lease was originally for a fifteen-year term with seven years remaining until expiration thereof.

The Debtor has few non-insider creditors.[3] Per its schedules, no secured creditors exist; priority tax claims total $23,491.28; only one non-insider unsecured creditor is listed. The Debtor scheduled almost no assets except for the nonresidential real property leasehold which is listed at a value of $120,000.[4]

On October 17, 1988, the Lessor filed a Motion for Relief from the Automatic Stay. On November 7, 1988, the Debtor filed its Answer to Motion for Relief from Stay. In those pleadings, it was alleged and admitted: (1) the parties entered into a written lease, dated June 26, 1980, a copy of which was attached to the motion; (2) on July 13, 1988, the Lessor filed suit in the 55th Judicial District Court, State of Michigan, which sought possession of the leased premises together with unpaid rent in the amount of $10,978.50; (3) on August 29, 1988, a consent judgment was entered in the state court action which provided that the Debtor would timely make certain payments; and (4) the Debtor remitted two checks to the Lessor, totalling $3,657.50, which were dishonored for nonsufficient funds. In accordance with the consent judgment, a writ of restitution to dispossess the Debtor of the leased premises would issue if the Debtor failed to make any required payment.[5] In its motion, the Lessor requested relief from the automatic stay. In its answer, the Debtor averred it was seeking a substitute lessee or a sublessee which would generate income for the Debtor; therefore, the Debtor requested relief from the stay be denied. Nothing in the answer filed by the Debtor expressed or implied that the Debtor desired to assume the lease between the Lessor and it.

On November 9, 1988, the Debtor and the Lessor stipulated to settle the relief from stay contested matter. On November 10, 1988, in accordance with the stipulation, this court entered an order which stated:

IT IS ORDERED that the Motion for Relief from Automatic Stay be and hereby is dismissed.

IT IS FURTHER ORDERED that said lease between Cybernetic Services, Incorporated, and P & K Associates be and hereby is *reinstated* as of October 1, 1988, with rent paid through September 30, 1988. (emphasis added.)

This court intended in its order to "reinstate" the lease in its "original or equivalent state" subject to governing Bankruptcy Code provisions and applicable Bankruptcy Rules. *Webster's Third New International Dictionary* 1915 (1986). Therefore, the state court consent judgment of possession was, in effect, set aside and the

---

1. The Bankruptcy Code, as amended, is set forth in 11 U.S.C. §§ 101–1330.

2. An executory contract or unexpired lease may be characterized as "nothing more than mixed assets and liabilities arising out of the same transaction." Jackson, *The Logic and Limits of Bankruptcy Law*, at 106 (1986).

3. "Insider" is defined at 11 U.S.C. § 101(30).

4. There is no explanation as to how the scheduled value of the lease was calculated; the court is uncertain whether the Debtor considered any of the liabilities associated with the lease in connection with its asserted valuation.

5. See Exhibit B attached to Lessor's Motion for Relief from Automatic Stay. The Debtor admitted the genuineness of the state court consent judgment in its answer.

Debtor retained its possessory interest in the leased premises pending a determination by it whether to assume the lease previously entered into by the parties.

On December 15, 1988, the Lessor filed its Motion for Immediate Possession of Real Estate. In the motion, the Lessor asserted that as of December 2, 1988, sixty days after the date of the order for relief, the Debtor had not: (1) assumed the lease; or (2) requested an extension of time to determine whether to assume or reject the lease. 11 U.S.C. § 365(d)(4) states:

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

A Chapter 11 debtor-in-possession has substantially all of the rights, powers and duties of a trustee. 11 U.S.C. § 1107(a). Therefore, 11 U.S.C. § 365(d)(4) limits the Debtor's lease assumption rights.

The procedure to assume an unexpired lease is a contested matter and is controlled by Bankruptcy Rule 9014. Bankruptcy Rule 6006(a). To seek to assume a lease, the request must be made by filing a motion. Bankruptcy Rule 9014. A motion filed to assume a lease "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Bankruptcy Rule 9013. When a motion is made to assume an unexpired lease, "the court shall set a hearing on notice to the other party to the contract [lease] and to other parties in interest as the court may direct." Bankruptcy Rule 6006(c). The assumption procedure mandated by applicable bankruptcy rules recognizes and protects the due process rights of a lessor and other affected entities. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any pro-

ceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *cf. Verba v. Ohio Casualty Ins. Co.*, 851 F.2d 811, 815 (6th Cir.1988) (judgment creditor's specific judicial lien on real estate is constitutionally protected within the meaning of the due process clause of the fifth amendment); 11 U.S.C. § 102(1).

On December 28, 1988, a hearing was held regarding the Lessor's Motion for Immediate Possession of Real Estate. At that hearing, this court heard legal argument of counsel and reviewed its files regarding the Debtor's assertion that the lease was assumed when the court authorized the lease to be "reinstated". The court again determined the "reinstatement" of the lease, in accordance with its previous order, did not constitute "assumption" of the lease within the meaning of the Bankruptcy Code. In this court's opinion, reinstatement of the lease only mandated that the lease would be deemed to be "unexpired" for future assumption or rejection purposes. The court also found that the Debtor, and its counsel, failed or neglected to properly take the requisite action to assume the lease. Further, the court notes that no determination was made by it regarding the substantive requirements relating to any proposed assumption of the unexpired lease. A trustee, or a debtor-in-possession, who desires to assume a lease may not do so unless: (1) any defaults under the lease are cured, or adequate assurance is provided that defaults will be promptly cured; (2) compensation is paid, or adequate assurance is provided that prompt compensation will be paid, for actual pecuniary loss suffered by the lessor resulting from a default; and (3) adequate assurance of future performance is provided to the lessor under the lease. 11 U.S.C. § 365(b)(1). Therefore, in addition to the Debtor failing to comply with the procedural requirements of lease assumption, the Debtor also failed to meet the substantive requirements of lease assumption.

At the hearing, the court also heard argument by Debtor's counsel that the Debtor had been negotiating with the Lessor regarding a prospective sublease arrangement and the Lessor had "dragged its feet". The Debtor presented no statutory authority or case law to support its position that the Lessor's alleged acts or omissions may defeat the Bankruptcy Code provision which mandates rejection of an unexpired lease absent assumption of, or an extension of time to assume, the lease. Therefore, in accordance with 11 U.S.C. § 365(d)(4), the court held, as a matter of law, that the nonresidential real property lease was deemed rejected.

11 U.S.C. § 362(b)(10) states:

The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 USC 78eee(a)(3)), does not operate as a stay—

. . . . .

(10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

At the conclusion of the hearing, the court executed an order dated December 28, 1988, which comported with its legal determination. The order provided that the lease by and between the parties was deemed rejected and that the automatic stay was modified to allow the Lessor to proceed in the state court to obtain possession of the leased premises.[6] However, the court declined to include a proposed provision in the order which required the Debtor to immediately surrender the leased prem-

ises to the Lessor. *In re Boston Business Machines*, 87 B.R. 867, 871 (Bkrtcy.E.D.Pa. 1988) ("[T]he language of § 365(d)(4) requiring a debtor to 'immediate surrender' an unassumed leasehold should not be read in such a fashion as to permit a landlord to oust a debtor-tenant without recourse to state-law procedures for conducting an eviction which would otherwise be in place.")

On January 3, 1989, the Debtor filed a Notice of Appeal respecting this court's order dated December 28, 1988. 28 U.S.C. § 158(a); Bankruptcy Rules 8001 and 8002. On the same date, the Debtor filed a Motion for Leave to Appeal. Bankruptcy Rules 8001(b) and 8003(a). The Debtor also filed a Motion for Stay of Order Pending Appeal with this court.

A motion for a stay pending appeal is governed by Bankruptcy Rules 7062 and 8005. To obtain a stay pending appeal, the moving party must establish substantially the same elements required to obtain a preliminary injunction. All of the following elements must be considered:

    1. A likelihood that the parties seeking the stay will prevail on the merits of the appeal;

    2. The movants will suffer irreparable injury unless the stay is granted;

    3. Other parties will suffer no substantial harm if the stay is granted;

    4. The public interest will not be harmed if the stay is granted.

*In re Baldwin United Corp*, 45 B.R. 385, 386 (Bkrtcy.S.D.Ohio 1984); *accord, In re White Motor Corp.*, 25 B.R. 293, 297 (N.D. Ohio 1982); *In re Great Barrington Fair and Amusement, Inc.*, 53 B.R. 237, 239 (Bkrtcy.D.Mass.1985); *Hunter v. S.K. Austin Co. (In re Beck)*, 26 B.R. 945, 946 (Bkrtcy.N.D.Ohio 1983); *In re Hotel Associates, Inc.*, 7 B.R. 130, 131–32 (Bkrtcy.E.

---

**6.** The court also notes that on December 20, 1988, the Lessor filed an "Administrative Claim" in this case. That claim asserted that the Debtor had failed to timely make lease payments for the months of October, November and December, 1988. Although the Debtor's asserted failure to make required lease payments may constitute cause to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1), no decision on

this ground was rendered by the court. *In re Future Growth Enterprises, Inc.*, 61 B.R. 469, 472 (Bkrtcy.E.D.Pa.1986) ("Under § 362(d)(1) 'cause' for relief from the automatic stay is present when the lessor proves that the debtor is significantly in default under the lease, particularly when the debtor has failed to move successfully for assumption of the lease.")

D.Pa.1980); *cf. Unsecured Creditors' Committee v. DeLorean (In re DeLorean Motor Co.)*, 755 F.2d 1223, 1228 (6th Cir. 1985) (four factors regarding grant or denial of preliminary injunction); *Hamlin Testing Laboratories, Inc. v. United States Atomic Energy Comm'n*, 337 F.2d 221, 222 (6th Cir.1964) (factors to be considered respecting motion to stay administrative order pending judicial review).

Based upon this court's decision on the merits of the appealed order, including a reconsideration of the governing statutory provisions and applicable bankruptcy rules discussed in this opinion, it is extremely unlikely that the Debtor will prevail on the merits of its appeal. Other than the bald assertion that the Debtor will suffer irreparable harm, the record is devoid of any demonstrable nonspeculative harm. To the contrary, if a stay is granted, the Lessor may suffer substantial monetary losses. If the stay is granted during the pendency of the appeal, which may take months, the Debtor may retain possession of the premises and fail to pay administrative rent to the Lessor.[7] After requesting relief from the automatic stay, a lessor with an interest in property to be used by a debtor is entitled to adequate protection of its interest in the property. 11 U.S.C. § 363(e). No adequate protection has been offered by the Debtor to the Lessor. The Debtor has the burden of proof on the issue of adequate protection. 11 U.S.C. § 363(*o*)(1). Likewise, no appeal bond has been offered. Bankruptcy Rule 7062. Without adequate protection of the Lessor's interest in the leased premises, and because the Debtor's schedules indicate that it has virtually *no assets* except for the lease itself, a substantial likelihood exists the Lessor may eventually be entitled to nothing more than a prorated or worthless administrative rent claim. 11 U.S.C. § 503(b)(1)(A); *United Trucking Serv., Inc. v. Trailer Rental Co.,*

*Inc. (In re United Trucking Serv., Inc.)*, 851 F.2d 159, 161–62 (6th Cir.1988) (a portion of lessor's administrative rent claim would be allowed but matter remanded for determination of damages); *In the Matter of Zook*, 83 B.R. 447, 448–50 (Bkrtcy.W.D. Mich.1988) (lessor's asserted administrative claim not allowed based upon facts of case).

Because the Debtor is unlikely to prevail on the merits of the appeal and because the likelihood of the Lessor suffering substantial harm far outweighs the Debtor's assertion of irreparable injury, this court declines to grant the requested stay pending appeal.[8] An order will be entered accordingly.

---

**7.** Given the Debtor's failure to pay prepetition rent, the remittance of NSF checks to the Lessor after the state court consent judgment, and the asserted administrative rent claim filed postpetition, a substantial possibility exists that the Debtor will fail or refuse to pay postpetition administrative rent to the Lessor.

**8.** This court notes the Debtor may now seek a stay pending appeal in the United States District Court for the Western District of Michigan. Bankruptcy Rule 8005. If the Debtor adequately protects the Lessor from future harm, by the filing of an appropriate bond or otherwise, the district court may determine to impose a stay pending appeal.