Pitney, Hardin & Kipp by Catherine Langlois, Morristown, N. J., for R. J. Reynolds.

Paul R. De Filippo, Newark, N. J., Trustee.

In the Matter of UNION COUNTY WHOLESALE TOBACCO & CANDY CO., INC., a corporation of the State of New Jersey, Debtor.

In the Matter of STROUDSBURG WHOLESALERS, INC., a corporation of the Commonwealth of Pennsylvania, Debtor.

Bankruptcy Nos. 80–03134, 80–03135.

United States Bankruptcy Court, D. New Jersey.

Jan. 15, 1981.

D. JOSEPH DE VITO, Bankruptcy Judge.

The issue here arises in the context of the Chapter 11 proceedings initiated by each of the above debtors. Though the above proceedings have not been consolidated, because of the commonality of fact and issue, this Opinion applies to each proceeding.

Each debtor filed an identical plan of arrangement for orderly liquidation pursuant to 11 U.S.C. § 1123[b][4], leaving unimpaired the claims of First Eastern Bank, N.A., the alleged holder of a perfected se-

curity interest and sole member of that unimpaired class. All other classes of creditors classified in the plan are made subject to the cram-down provisions of 11 U.S.C. § 1129[b].

On or about November 12, 1980 copies of the disclosure statements filed in each of the proceedings were mailed to all creditors, together with notices of the hearings thereon fixed for December 12, 1980.[1] The disclosure statements were substantively identical, with the eighth paragraph of each containing the opinion of the debtor that payment to general unsecured creditors appeared unlikely and that, depending upon the validity of the claims of the class of creditors identified as 2–702 creditors, payment of priority taxes and other priorities, as specified under the Bankruptcy Code, similarly appeared unlikely.

Thereafter, but prior to the hearing, objections to the disclosure statements were filed in each proceeding by claimants, R. J. Reynolds, Liggett & Myers Tobacco Company, Brown & Williamson Tobacco Corporation and P. Lorillard, a division of Loew's Theaters, Inc. At the hearing of December 12, 1980, counsel for the debtors announced to the Court that, since the plan leaves unimpaired the claims of First Eastern Bank, N.A., the sole member of that unimpaired class, the bank is deemed to have accepted the plan under 11 U.S.C. § 1126[f]. Further, that because of the exercise of the cram-down provisions of § 1129[b] of the Bankruptcy Code, the debtors will not solicit votes of acceptance or rejection, thus dispensing with the need for a disclosure statement.

The precise issue to be considered is whether, in the absence of a solicitation of votes for the acceptance or rejection of a plan of arrangement, a disclosure statement is required.

11 U.S.C. § 1125[b] states:

An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The Court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

The legislative history makes it plain that the Congressional intent behind Section 1125[b] of the Code was to restrict the purpose of a disclosure statement in a bankruptcy proceeding to solicitation of acceptances or rejections of a plan. As stated in S.Rep.No.95–989, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Cong.Code & Ad. News, pp. 5787, 5906: "This section [i. e., 1125] extends disclosure requirements in connection with solicitations to all cases under Chapter 11." See also H.Rep.No.95–595, 95th Cong., 1st Sess., *reprinted in* [1978] U.S.Cong.Code & Ad.News, pp. 5963, 6365. Also see 5 Collier on Bankruptcy § 1125.03, at 1125-22 (15th ed. 1980).

The instant issue was touched upon in the matter of *In re Bel Air Assocs., Ltd.*, 4 B.R. 168, 6 B.C.D. 284, 288 (W.D.Okl.1980), wherein the court, in construing the language of § 1125[b], stated in pertinent dicta that under that statutory provision "nonsubmissions of disclosure statements only operate to prevent solicitations of acceptances or rejections of the plan," and that where no solicitations are made, no disclosure statement is required.

The standards applying to the adequacy of the disclosure statement, found in § 1125[a], essentially require information sufficient to enable a hypothetical reasonable investor to make an informed judgment re acceptance or rejection of the plan. However, where acceptances are not required and not solicited, the need for disclosure and approval as a prerequisite to confirmation pursuant to Bankruptcy Rule 3006[b], [c] and [d] is obviated. Any objec-

---

1. Pursuant to letter of December 22, 1980, the debtors, through their attorneys, advised the Court that the filed disclosure statements have been withdrawn.

tions to confirmation grounded in the alternative confirmation standards of § 1129[b] are best reserved for the confirmation hearing.

Submit an Order in accordance with the above.