**In re FORREST HILLS ASSOCIATES, LTD., a Florida limited partnership, Debtor.**

**Bankruptcy No. 81–135.**

United States Bankruptcy Court, D. Delaware.

Feb. 17, 1982.

Daniel Krapf, Wilmington, Del., for debtor.

David Roeberg, Wilmington, Del., for Institutional Securities Corp.

## MEMORANDUM DECISION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The debtor filed a plan that states "under the plan, all classes are not impaired". For this reason it requested that it be relieved from the filing of and hearing on a disclosure statement. The debtor does not intend to solicit acceptances because unimpaired classes are deemed under 11 U.S.C. § 1126(f) to accept such a plan.

A statement that a class is not impaired does not necessarily make it so. A creditor may assert that he is improperly treated as unimpaired. This is a matter for determination at the confirmation hearing if we equate the meaning of "impairment" to the meaning of "materially and adversely affected" under the Bankruptcy Act. Such a creditor, in addition to the filing of an objection to confirmation, may wish to solicit rejections to the plan. Section 1125(b), title 11, permits solicitation of acceptances or rejections only after the proponent of a plan has filed a written disclosure statement, approved, after notice and hearing, by the court as containing adequate information. If the requirement of a disclosure statement is waived, then a proponent of a plan could deprive an opponent of the plan from soliciting rejections. Such a result flies in the face of the express language of § 1125(b).

Under the Code, unlike the procedure under the Act, there is no hearing on the plan. The court is not required to determine if a plan should be submitted to creditors. Instead, there is a hearing on a disclosure statement. That statement together with a plan should give interested parties adequate information so they can make their own determination to accept or reject. The circumstances of each case should control whether the disclosure information and plan are separate documents or one document combining disclosure information with the plan and the amount and kind of information.

Interim Rule 2002(b)(5) requires at least 20 days notice of a hearing on a disclosure statement. The language of § 1125 is not the mandatory language of § 1128: "after notice, the court shall hold a hearing on confirmation of a plan". Consequently, § 102(1) should apply. If no objections are filed to the disclosure information nor any requests that a hearing be held, the notice and hearing requirements of § 1125 are met and an actual hearing is unnecessary. The court may then consider whether the information is adequate on the pleadings.

An order is attached.