In re BABCO, INC., d/b/a Crawford and Mascioli Block Company, Debtor.

BABCO, INC., d/b/a Crawford and Mascioli Block Company, Plaintiff,

v.

George A. MARKUSIC, Defendant.

Misc. No. 9394.

United States District Court, W.D. Pennsylvania.

Dec. 9, 1982.

Robert O. Lampl and Edward A. Olds, Pittsburgh, Pa., for Babco.

George A. Markusic, Morgantown, W.Va., for Markusic.

## MEMORANDUM OPINION

BLOCH, District Judge.

This action seeks a stay of a sale of real estate, pending the outcome of an appeal from the Bankruptcy Court, pursuant to Bankruptcy Rule 805. A hearing was held on the stay issue on November 23, 1982, at which the parties stipulated to the facts below, submitted briefs, and presented oral arguments. On September 3, 1982, Babco, Inc. (hereinafter referred to as "Babco"), plaintiff in this action and the bankrupt in the bankruptcy proceeding, commenced a Chapter XI bankruptcy proceeding in the Bankruptcy Court for the Western District of Pennsylvania. Allegedly, one Blaine A. Beeghly (hereinafter referred to as "Beeghly") is the sole stockholder of Babco. In 1976, Babco and Beeghly allegedly bought the assets, goodwill and name of the Crawford and Mascioli Block Company. In connection with that purchase, a deed and articles of sale were provided to Beeghly and Babco. Beeghly and Babco each purchased separate aspects of the assets of Crawford and Mascioli Block Company. To finance that purchase, Beeghly and Babco executed a deed of trust to George A. Markusic (hereinafter referred to as "Markusic"), the defendant in this action, as trustee for the benefit of Joseph and Rita Mascioli, the former owners of Crawford and Mascioli Block Company. Subsequent to the purchase by Beeghly and Babco, Babco leased from Beeghly, pursuant to a 240 month (20 year) lease which commenced on September 1, 1976, and which is in writing but not recorded, Beeghly's interest in the real property that was purchased. Additionally, Babco leased from Beeghly, pursuant to a 100 month (8⅓ years) written lease which commenced on the same date as the realty lease, personal property to be used in the operation of the business.

At the time Babco initiated its bankruptcy proceeding, Markusic had allegedly scheduled a trustee sale of the aforementioned property. On September 8, 1982, Markusic was served with a certified copy of the order for relief entered in connection with Babco's Chapter XI case. Despite this, Markusic proceeded to conduct the sale as scheduled on September 10, 1982. On September 17, 1982, Babco initiated an adversary proceeding within the bankruptcy, seeking an injunction against Markusic to prevent him from transferring the deed in connection with the sale. On September 22, 1982, the Bankruptcy Court issued a temporary restraining order against Markusic. On September 28, 1982, the Bankruptcy Court conducted a hearing on the prelimi-

nary injunction request, and on October 1, 1982, the Bankruptcy Court issued an order denying the request for an injunction. That decision has been appealed to this Court. Pending the decision of that appeal, Babco has filed this action to enjoin Markusic from recording the deed, pursuant to Bankruptcy Rule 805, which provides as follows:

A motion for stay of the judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will·protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the referee, may be made to the district court, but the motion shall show why the relief, modification, or termination was not obtained from the referee. The district court may condition the relief it grants under this rule upon the filing of a bond or other appropriate security with the referee. A trustee or receiver may be required to give a supersedeas bond or other appropriate security in order to obtain a stay when taking an appeal. Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.

It should be noted that Rule 805 provides that the party requesting the stay in the district court must show why the relief was not obtained from the Bankruptcy Court. Babco has satisfied this requirement by attaching to its motion the Bankruptcy Court's opinion and order, which deny its request for an injunction in this instance. The Court believes that there is sufficient basis for granting a stay of the recording of the deed pending the appeal, and hereby grants the same.

 Under Rule 805, the issuance of an injunction pending an appeal is within the discretion of the court. *In re Lewis Jones, Inc.,* 369 F.Supp. 111, 117 (E.D.Pa.1973). The same criteria applicable when an injunction pending an appeal is requested under Fed.R.Civ.P. 62(c)[1] are also applicable to injunctions sought pursuant to Rule 805. The prerequisites for issuance of an injunction under Fed.R.Civ.P. 62(c) are as follows: (1) the moving party must make a strong showing that it is likely to prevail on the merits of its appeal; (2) the moving party must establish that it will suffer irreparable injury if an injunction is denied; (3) other parties must not be substantially harmed if the injunction is issued; and (4) the issuance of an injunction must not be contrary to the public interest. *See Garshman v. Pennsylvania State University,* 395 F.Supp. 912, 920 (M.D.Pa.1975); *In re Lewis Jones, Inc., supra,* at 116. The Court applies these four requirements to the facts of this case in determining whether a stay should be granted.

 It is obvious that three of the requirements are present, and the Court will dispose of those three requirements without a lengthy discussion. Initially, it is obvious that Babco will suffer irreparable injury if the transaction is completed by the filing of the deed and if it later prevails on the

1. Fed.R.Civ.P. 62(c) provides as follows: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. If the judgment appealed from is rendered by a district court of three judges specially constituted pursuant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all the judges of such court evidenced by their signatures to the order."

appeal in that it will lose a major asset of its estate. Further, the Court will ensure that no substantial harm will come to Markusic and the purchasing party by requiring Babco to file a bond in the amount of the purchase price under the applicable provision of Rule 805. Finally, the Court sees no reason, and Markusic does not direct the Court's attention to any reason, why the issuance of an injunction pending the appeal would be contrary to the public interest in this case. The only requirement remaining is whether it is likely that Babco will prevail on the merits of its appeal. This, in the eyes of the Court, is the critical issue in determining whether a stay pending the appeal should be issued, and the Court discusses this requirement, in light of the facts of this case, at length below.

Babco contends that its leasehold interest in the property in question is part of the bankrupt's estate pursuant to 11 U.S.C. § 541.[2] Babco further asserts that 11 U.S.C. § 362 serves to compliment § 541 by imposing an automatic stay on all property of the bankrupt's estate, thereby preventing piecemeal and non-rational dismemberment of the estate. It is Babco's position that the automatic stay provision serves to protect the property sold by Markusic and to prevent the recordation of the deed in connection with that sale. The important question for purposes of this request for a stay is whether a leasehold interest is considered property of the estate for purposes of the automatic stay provision. The answer to this question bears upon the final requirement for the issuance of a stay— whether the moving party is likely to prevail on the merits of the appeal.

The case law which addresses the issue of whether a leasehold interest is part of the bankrupt's estate for purposes of §§ 541 and 362 is sparse. The Court was able to find several decisions, all from Bankruptcy Courts, on point. In *In re Quick Catering Co.,* 10 B.R. 250 (Bkrtcy.D.Nev.1981), *In re*

*Belize Airways, Ltd.,* 5 B.R. 152 (Bkrtcy.S. D.Fla.1980), and *In re Mimi's of Atlanta, Inc.,* 5 B.R. 623 (Bkrtcy.N.D.Ga.1980), aff'd., 11 B.R. 710 (D.C.1981), the Courts all concluded that a leasehold interest does fall within the preview of § 541. *See also In re Ardmore Sales Co.,* 18 B.R. 985, 989 (Bkrtcy. E.D.Pa.1982); *In re Youngs,* 7 B.R. 69, 71 (Bkrtcy.D.Mass.1980). The Bankruptcy Court for the Northern District of Georgia specifically stated, in *In re Mimi's of Atlanta, Inc., supra,* that the automatic stay provision, § 362, protects that scintilla of equitable interest which is mere possession. *Id.* at 627. In light of the fact that the leasehold interest could be a part of the bankrupt's estate protected by the automatic stay, there is a likelihood of Babco's success on appeal, thereby satisfying the fourth, and final, requirement for an issuance of a stay pending the appeal.

The Court cautions that this opinion is not intended to decide the merits of the appeal; that matter must be decided by this Court at a later date. In fact, the critical issue on appeal is left unresolved by this opinion. That unresolved issue is whether the law of the state in which the lease agreement was entered, in this case West Virginia, effectively terminated the lease agreement prior to the filing of the bankruptcy petition. *See In re Youngs, supra,* at 71. If a leasehold interest of a debtor in possession in a Chapter XI bankruptcy, in this case Babco, is effectively terminated under the applicable state law prior to the filing of the bankruptcy petition, then the debtor in possession acquires no interest in the lease, and the leasehold interest is not a part of the bankrupt's estate for purposes of § 541 or § 362. *In re GSVC Restaurant Corp.,* 10 B.R. 300, 302 (D.C.S.D.N.Y.1980) (district court affirming appeal from bankruptcy court); *In re Victory Pipe Craftsmen, Inc.,* 8 B.R. 635, 636 (Bkrtcy.N.D.Ill. 1981); *In re Racing Wheels, Inc.,* 5 B.R. 309,

---

2. 11 U.S.C. § 541 provides in pertinent part as follows: "(a) the commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located: (1) ex-

cept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

311–312 (Bkrtcy.M.D.Fla.1980); *In re Mimi's of Atlanta, Inc., supra,* at 627–629. Thus, it appears that if the lease has been effectively terminated under West Virginia law, then the sale may be concluded by the recording of the deed, but if the lease has not been terminated under West Virginia law, then the bankrupt still has an interest, the automatic stay provision applies, and Markusic should be enjoined from recording the deed. As stated, that issue will be resolved on the merits of the appeal at a later date.

For the foregoing reasons, the Court concludes that a stay of the recording of the deed pending the appeal from the decision of the Bankruptcy Court is proper in this case. To protect the interests of Markusic and the purchaser of the property, the Court, pursuant to the terms of Rule 805, orders Babco to post a bond in the amount of $180,000, which figure represents the sale price of the property, as a requirement to the issuance of the stay. Once said bond is posted, the stay will take effect and remain in effect until a decision on the merits of the appeal has been rendered.

An appropriate Order will be issued.