In re Fred THOMASES, Debtor.

Harry GORDON, Plaintiff,

v.

Fred THOMASES, Defendant.

Bankruptcy No. 82 B 11235 (EJR). Adv. No. 82–6423A.

United States Bankruptcy Court, S.D. New York.

April 19, 1983.

Riker, Danzig, Scherer & Hyland, Newark, N.J., for debtor.

Willkie, Farr & Gallagher, New York City, for debtor.

Stroock & Stroock & Lavan, New York City, for Creditors' Committee.

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff.

## DECISION AND ORDER ON MOTION FOR STAY PENDING APPEAL

EDWARD J. RYAN, Bankruptcy Judge.

On July 2, 1982, Fred Thomases, the defendant herein, filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. On November 19, 1982 Harry Gordon instituted this adversary proceeding seeking to lift the automatic stay to enable him to file cross-claims for indemnity against Thomases in two pending New Jersey state court actions in which both Gordon and Thomases were named as defendants. Gordon also sought relief from the automatic stay to commence and prosecute direct actions against Thomases.

At a hearing before this court on February 7, 1983 Gordon's motion for summary judgment was granted and Thomases' cross-motion for summary judgment was denied. On March 18, 1983 an order was entered modifying the automatic stay so as to permit Gordon to prosecute cross-claims and direct actions against Thomases up to the point of judgment.

Subsequently, an order to show cause was signed why the March 18 order should not be stayed pending appeal pursuant to Bankruptcy Rules of Procedure, Rule 805. A hearing on this order to show cause was held before this court on March 25, 1983.

Judge Goettel recently had the opportunity to examine the standards for granting relief pursuant to Rule 805. In *In re Pine Lake Village Apartment Co.,* 21 B.R. 395 (S.D.N.Y.1982) the bankruptcy court lifted the automatic stay allowing a secured creditor to proceed with a state court foreclosure action. The bankruptcy judge stayed his decision pending an appeal, on the condition that the debtor file a bond. The debtor appealed the requirement of security for the stay.

The district court noted that a stay pending appeal involves extraordinary relief and is discretionary with the court. *See also, In re Babco,* 25 B.R. 325 (W.D.Pa.1982). The court also stated that the standards for stay pending appeal have had several formulations in the Second Circuit. Applying the "easier" standard, the court examined whether there would be substantial harm to the party opposing the stay if a stay was granted, and whether the party seeking the stay has shown that it will suffer irreparable harm.

Application of this standard to the instant case compels the conclusion that no stay is justified.[*] Gordon will suffer substantial harm if a stay is granted, in that the state court actions may proceed to judgment without giving Gordon the opportunity to assert his cross-claims against Thomases. Thomases' only contention of harm is that he will be required to litigate in the New Jersey state courts instead of this

---

[*] Some courts hold that a party seeking a stay pending appeal pursuant to Rule 805 must satisfy a four-pronged test by showing (1) the likelihood of success on the merits of the appeal; (2) that without a stay, it will suffer irreparable injury; (3) that there is no substantial harm to other interested persons; and (4) that the public interest will not be harmed. *See, In re Babco,* 25 B.R. 325 (W.D.Pa.1982); *In re Lewis, Inc.,* 369 F.Supp. 111, 117 (E.D.Pa. 1973).

The result in this case would be the same applying this standard. Factors (2) and (3) have been examined by this court. Thomases has little likelihood of success on the merits of his appeal as this court had sufficient cause to life the automatic stay. The public interest will be served by denying a stay pending appeal, as this promotes finality in the orders of the bankruptcy court.

court. Whatever inconvenience this may cause does not rise to the level of irreparable harm.

In conclusion, upon careful review of the entire record, this court is not persuaded that the extraordinary relief of a stay pending appeal is justified. Therefore, Thomases' motion is denied.

It is so ordered.