**In re RAIL KING, INC., Debtor.**

**Bankruptcy No. 582–1575.**

United States Bankruptcy Court, N.D. Ohio.

July 29, 1983.

David M. Hunter, Akron, Ohio, for debtor.

J.H. Smith, creditor.

## FINDING AS TO APPLICATION TO DISPENSE WITH DISCLOSURE STATEMENT

H.F. WHITE, Bankruptcy Judge.

This case is before the Court on the application to dispense with disclosure statement

filed by debtor, Rail King, Inc., on June 9, 1983. An objection to said application was filed by Spike Industries, a member of the unsecured creditors' committee, on June 24, 1983. A hearing was held on July 18, 1983.

Rail King is a small closely-held corporation owned by one stockholder with secured debts of approximately $205,000.00 and unsecured debts of less than $100,000.00.

If Rail King had been an individual, it would have been eligible to file a Chapter 13 under 11 U.S.C. § 109(e) of the Bankruptcy Code.

It is debtor's position that it does not need to submit a disclosure statement in order to have its plan confirmed by this Court inasmuch as it does not intend to solicit votes on the plan. Debtor states that 11 U.S.C. § 1125 requires approval of a disclosure statement only when a debtor intends to solicit votes on the plan.

Debtor's Chapter 11 plan divides its creditors into five classes of creditors. Class One creditors—administrative expenses—are to be paid one hundred percent. Class Three creditors—secured—are to be paid in accordance with the terms of the contract between debtor and the individual creditor. Both of these classes are unimpaired. Class Two—consists of priority tax claims. They are to be paid pursuant to the terms of 11 U.S.C. § 1129(a)(9)(C) in monthly installments over a period of six years. Class Four—the unsecured creditors—are to receive a 10% payment. It is thereby an impaired class. Class Five—the shareholder class—provides that said shareholders shall receive nothing and retain nothing. This class is likewise impaired.

Debtor's argument is based upon its assertion that there is no class of creditors which needs to vote in this case. Classes One and Three, it is argued, are deemed to have accepted the plan and Classes Four and Five are deemed to have rejected the plan. Class Two is not truly a class and has no right to vote.

Examination of various sections of the Bankruptcy Code shows that debtor's argument is correct in part. Thus, it is that

Classes One and Three are deemed to have accepted the plan and solicitation of their acceptance is not necessary. 11 U.S.C. § 1126(f). And, Class Five is deemed to have rejected the plan due to the fact that the shareholders in that class are to receive nothing under the Plan. 11 U.S.C. 1126(g). Also, no acceptance or rejection of the Plan is required by Class 2 as that class has been denominated a "class" solely for purposes of convenience. 11 U.S.C. § 1123(a)(1); Section 1129(a)(8).

Class Four, however, does have the right to vote, a right which would be denied under debtor's argument. 11 U.S.C. § 1126(a) allows each holder of a claim to accept or reject a plan. As an impaired class, it would not be deemed to have accepted the plan. 11 U.S.C. § 1126(f). As a class receiving a dividend under the plan, it would not be deemed to have rejected the plan. 11 U.S.C. § 1126(g). As Class Four is deemed neither to have rejected nor accepted debtor's plan, its votes are necessary.

Debtor concedes that the purpose of a disclosure statement is to allow claim holders to vote intelligently on a plan of arrangement. See generally, H.R.Rep. No. 95–595, 95th Cong. 1st Sess. (1977) at 224, 226, U.S.Code Cong. & Admin.News 1978, p. 5787. As there is an entire class of creditors which has a right to vote herein, an approved disclosure statement is necessary in order to allow this class of creditors to vote intelligently. 5 Collier on Bankruptcy, Paragraph 1125.03 (15th ed. 1983).

Debtor asserts that should the Class Four creditors reject the plan, it has the ability, and will force, a "cram-down" to secure confirmation of the plan, pursuant to 11 U.S.C. § 1129(b). It may well be that debtor will be required to do a "cram-down". This Court does not find, however, that a debtor may attempt a cram-down in lieu of allowing its creditors an opportunity to vote as such an attempt would nullify a creditor's right to vote on the plan. See H.R. Rep. No. 95–595, 95th Cong., 1st Sess. (1977) at 224.

This Court recognizes the debtor's concern. In *In re Bel Air Associates, Ltd.*, 4

**6**

B.R. 168 (Bkrtcy.1980), p. 175, Bankruptcy Judge Robert L. Berry held that "nonsubmissions of disclosure statements only operate to prevent solicitations of acceptances or rejections of the plan". However, the Court further held in that case that because of the type and nature of the business, the creditors had other information available to them to make an informed judgment about the plan.

Bankruptcy Judge Joseph DeVito, in the *Matter of Union County Wholesale Tobacco & Candy Co., Inc.,* 8 B.R. 442 (Bkrtcy.D.N.J. 1981) held that disclosure statements are not necessary "where acceptances [to the plan] are not required and not solicited". Further, it does not appear from the plan to be submitted to the creditors by this debtor that there is adequate information that the creditors could make any determination whether they should vote for the plan or whether liquidation under Chapter 7 would be more beneficial to the general unsecured creditors being the Class 4 creditors.

This Court recognizes debtor's concern regarding the effect that the time and expense involved in drafting and obtaining court approval of a disclosure statement may have on a small business such as debtor's. Notwithstanding this, the Court finds that it was Congress' intent that those creditors who are entitled to vote on a plan receive a court-approved disclosure statement prior to casting a vote. As there is a class of creditors eligible to vote in this case, the Court finds that this Congressional intent must be followed and a disclosure statement be required in this case.

Therefore, it is the conclusion of this Court that debtor's application to dispense with disclosure statement should be denied.