**In re James P. and Ellen M.
HOWLEY, Debtors.**

**Bankruptcy No. 3–83–2085.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 10, 1984.

Christopher Elliott, Minneapolis, Minn., for debtors.

Charles Nauen, Minneapolis, Minn., for Helen Shriver.

## ORDER

DENNIS O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the debtors' motion for an order staying the effect of this Court's order of March 29, 1984 pending appeal pursuant to Bankruptcy Rule 8005. The order of March 29, 1984 had granted Helen Shriver, a contract for deed vendor, relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to complete cancellation of her contract for deed with the debtors.

Based on the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

Bankruptcy Rule 8005 provides:

A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to the district court or the bankruptcy appellate panel, but the motion shall .show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When

an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

Two issues arise from application of this Rule: 1) whether a stay is proper; and 2) what amount of bond will adequately protect the interests of the appellees. The debtors argue that a stay is necessary to protect their interest in the property as part of the bankruptcy estate. The debtors also argue that a bond is not necessary to protect the interest of Shriver.

■ There are basically four factors considered by courts in determining whether to issue a stay pending appeal:

1) the likelihood of success on the merits of the appeal;

2) the injury suffered by the appellant in denying a stay;

3) the injury to the appellee by granting a stay; and

4) the harm to the public interest.

See, e.g., *In re Intermet Realty Partnership*, 27 B.R. 938 (Bkrtcy.Pa.1983); *In re Candor Diamond Corp.*, 26 B.R. 844 (Bkrtcy.N.Y.1983); *In re Swift Aire Lines, Inc.*, 21 B.R. 12 (9th Cir. Bkrtcy.App.1982); *In re White Motor Corp.*, 25 B.R. 293 (D.Ct.Ohio 1982); and *In re Wymer*, 5 B.R. 802 (9th Cir. Bkrtcy.App.1980). These factors are not to be applied in a vacuum but instead must be viewed in light of the importance of the right of appeal and preservation of the status quo during the appeal.

■ Under the circumstances of this case, the Court finds that a stay is proper. To deny the stay may result in a total loss of the property at issue should this Court's earlier decision be reversed. On the other hand, the appellant's harm during the pendency of the appeal can be minimized by an adequate bond requirement. Although this Court obviously views the likelihood of the debtors' success on appeal to be small, the Court does regard the right to appeal as a valuable interest worth protecting and ensuring. However, the appellee is also entitled to protection of her interest in the property during the appeal.

■ There are different methods used to calculate the amount of an adequate bond. These methods include, inter alia, a percentage of the value of the collateral, the "lost" profits from not having use of the collateral during the pendency of the appeal, and the reasonable rental value of the collateral. See, e.g., *In re Beck*, 26 B.R. 945 (Bkrtcy.Ohio 1983); *In re Babco*, 25 B.R. 325 (D.C.Pa.1982); and *In re Pine Lake Village Apartment Co.*, 21 B.R. 395 (D.Ct.N.Y.1982). Under the facts and circumstances of this Chapter 11 farmer case, the Court finds that basing the amount of the supersedeas bond on the reasonable rental value of the property will adequately protect the interest of Shriver. The parties agreed that the reasonable rental value of the property is $70.00 per acre. The total acreage of the farm in question is 320 acres. Therefore, the amount of the bond is set at $22,400.00.

THEREFORE, IT IS ORDERED that the effect of the Court's order dated March 29, 1984 granting the motions of Helen Shriver for relief from the automatic stay to cancel her contract for deed with the debtors is hereby stayed pending appeal, conditional, however, upon the following:

1. The debtors shall post and file with the Court a supersedeas bond in the amount of $22,400.00 by April 17, 1984 ensuring Helen Shriver protection from further losses and expenses occasioned by the appeal. Any benefits that might be derived by Helen Shriver upon failure of the appeal due to acquisition by her of 1984 crops on the property produced by the debtors shall reduce the amount to which she would otherwise be entitled to under the bond.

2. Within seven days from April 10, 1984, the debtors shall file with the Court evidence of insurance covering the property for its full insurable value through a period ending February, 1985.

3. The debtors shall pay the real estate taxes on the property due and payable in the year 1984 as and when the same become due and shall promptly file with the Court evidence of timely payment.

Failure of the debtors to comply with any of the above conditions shall result in automatic lifting of the stay otherwise granted in this order.