### In re GREAT BARRINGTON FAIR AND AMUSEMENT, INC., Debtor.

**Bankruptcy No. 4–83–00496–G.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 19, 1985.

Frederick G. Fisher, Jr., Hale & Dorr, Boston, Mass., for examiner.

Joseph B. Collins, Hendel, Collins & Stocks, P.C., Springfield, Mass., Harris Aaronson, Aaronson & Fuster, P.C., Pittsfield, Mass., for Richard & John Herbert.

Francis DiMento, DiMento & Sullivan, Boston, Mass., for Michael Abdalla.

Jed L. Berliner, Marullo & Barnes, Boston, Mass., for Unsecured Creditors Committee.

Michael E. MacDonald, Cain, Hibbard, Myers & Cook, Pittsfield, Mass., for First Agricultural Bank.

## MEMORANDUM RE: ORDER VACATING STAY OF ORDERS PENDING APPEALS

PAUL W. GLENNON, Bankruptcy Judge.

This memorandum is being issued in conjunction with an order issued by this Court July 26, 1985. The July 26th order, vacated an earlier order of the Court, issued on July 12, 1985. The July 12th order stayed

two orders issued by this Court on July 2, 1985.

The July 2nd orders were issued following a lengthy hearing. The first approved a disclosure statement, filed by the Examiner in this case, and set July 31, 1985 as the date for a hearing on the confirmation of a liquidating plan. The second order issued on July 2, 1985 approved the sale of the Debtor's assets, and set August 7, 1985 as the closing date for that sale, provided that the Examiner's Plan ("the Plan") was confirmed on or prior to that date.

The First Agricultural Bank ("the Bank"), a secured creditor of the Debtor, had opposed the approval of the disclosure statement and has filed an appeal of the two orders issued on July 2, 1985. In connection with that appeal, the Bank filed, in this Court, a motion for a stay of those two orders pending appeal, which this Court allowed on July 12, 1985.

On July 19, 1985, the Examiner filed an emergency motion which requested that this Court reconsider the grant of a stay pending appeal. A hearing was held on that emergency motion on July 24, 1985. After hearing the arguments of counsel, and reviewing the record, this Court, on July 26, 1985, issued an order vacating the Stay.

█ Issuance of a stay pending appeal is governed by Bankruptcy Rule 8005.[1] Stays pending appeal are "in the nature of a preliminary injunction." *In re Tolco Properties, Inc.*, 6 B.R. 490, 491 (Bankr.E. D.Va.1980); and "involve extraordinary relief and the discretion of the Court." *In re Pine Lakes Village Apartment Co.*, 21 B.R. 395 (Bankr.E.D.N.Y.1982). The standard for granting a stay pending appeal is similar to that for granting a preliminary injunction. In other words:

1) The applicant must make a strong showing that he is likely to succeed on the merits of the appeal;

2) The applicant must show that, unless a stay is granted, he will suffer irreparable injury;

3) The applicant must show that no substantial harm will be suffered by other interested parties;

4) The Court must find that granting the stay will not harm the public interest.

*In re Sung Hi Lim*, 7 B.R. 319, 321 (Bankr. D.Hawaii 1980); *see also In re Howley*, 38 B.R. 314, 315 (Bankr.D.Minn.1984); *In re Beck*, 26 B.R. 945, 946 (Bankr.N.D.Ohio 1983); *In re Dobslaw*, 20 B.R. 922, 924 (Bankr.E.D.Pa.1982). Although each of these four conditions must be satisfied, *In re Sung Hi Lim, supra* at 321, not all of the four conditions need be given equal weight. *In re Dobslaw, supra at* 924. The conditions "are not to be applied in a vacuum but instead must be viewed in light of the importance of the right to appeal ...." *In re Howley, supra* at 315.

█ The first prong of the four part test places the Court in the "unusual position" of reviewing its own order. *In re Sung Hi Lim, supra* at 321. The bank has objected to the approval of the Disclosure Statement on the grounds that it does not provide "adequate information," 11 U.S.C. § 1125(a); or, more specifically, that it does not contain detailed financial information about the proposed buyer of the Debtor's assets.

---

1. Bankruptcy Rule 8005 provides, in relevant part, as follows:

A motion for a stay of judgment, order or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

The framers of Section 1125(a) indicated that:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection.

H.R.Rep. No. 595, 95th Cong., 1st sess., 408–09 (1972), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6364, 6365. The Bank claims that financial data on the proposed buyer is necessary if it is to make a decision on whether to vote for the Plan because, under the terms of the proposed liquidating Plan, the Bank will retain its lien on the property and the sale will be subject to that lien. The debt to the Bank is to be paid over six years and the Bank has already expressed its intention of objecting to the Plan under those terms.

The Examiner has also expressed his intention of requesting that the Plan be confirmed over the objection of the Bank, pursuant to the "cram-down" provisions of 11 U.S.C. § 1129(b). Under these circumstances, the Court does not feel that the financial background of the proposed buyer is necessary for the adequacy of the Disclosure Statement. *In the matter of Union County Wholesale Tobacco & Candy Co., Inc.*, 8 B.R. 442 (Bankr.N.J.1981); *but cf. In re Rail King, Inc.*, 33 B.R. 4 (Bankr.N.D.Ohio 1983) (where, in a similar situation, the debtor did not intend to submit *any* disclosure statement but the Court ruled that a class which the debtor intended to "cram-down" still had a right to vote on the Plan and an approved disclosure statement was therefore necessary).

The Bank also opposed the July 2nd order approving the sale of the debtor's assets on the grounds that the distribution of the notice was inadequate. The notice, however, complied in all respects with Bankruptcy Rule 2002.[2] The Court finds that, based upon a reexamination of the law, and the record, the Bank has failed to make a sufficient showing that they will succeed on appeal.

■ The Court also finds that the Bank has failed to show that it will suffer an irreparable injury if a stay is not granted. The Bank has argued that if a stay is not granted, and the Plan is confirmed and the property sold, then the Bank's appeal will be rendered moot by the operation of 11 U.S.C. § 363(m). This alone, however, is not sufficient to warrant the grant of a stay. Something more is required. *In the matter of Baldwin United Corporation*, 45 B.R. 385, 386 (Bankr.S.D.Ohio 1984). In the case *sub judice*, the Bank has failed to provide the Court with any further indication of irreparable injury. It was stipulated to at the hearing on the Disclosure Statement that the Bank's claims were fully secured by the Debtor's assets. Under the proposed Plan, the Bank will retain its lien on the property, and the sale will be subject to that lien. Thus, even under the worst possible scenario, if the Plan fails and the proposed buyer cannot make the payments to the Bank, the Bank will still be fully secured by the real estate.

■ On the otherhand, if a stay is granted, the other interested parties, as well as the public, will suffer harm. The chief harm which will be caused by a stay is the delay which will be suffered by the other creditors. *In re Sung Hi Lim, supra* at 322. This case is now more than two years old, and there have been several plans and disclosure statements filed, none of which have proceeded very far. The Examiner has indicated that if there is a lengthy delay in confirming the Plan and conducting the sale, the proposed purchaser of the Debtor's assets may withdraw his offer. If this happens, it will cause a further delay. In addition, there is currently before this Court a motion to convert the case

**2.** Bankruptcy Rule 2002(a) provides that 20 days notice of any proposed sale of property, other than in the ordinary course of business, shall be given to the debtor, the trustee, all creditors and indentured trustees.

to a Chapter 7. That motion has been continued, pending this Court's action on confirmation of the Plan.

Further delay would also be harmful to the possibility, however remote, that the proposed buyer may obtain a license in time to conduct horse racing at the fair some time this fall. That possibility will apparently be eliminated if a sale is not held by the middle of August. Horse racing is a key element in the financial well-being of the Great Barrington Fair ("The Fair"). Without racing, it is virtually impossible for the Fair to make a profit. Furthermore, it has been represented to this Court on several occasions that the property owned by the Debtor is not suited for any purpose other than holding a fair, because it is located in a flood-plane area. Thus, if there were a stay granted in this case, and the sale did not take place, there would be no racing license issued and it is doubtful that the Fair would be held this year. This would harm the general public in the area, who benefit from the revenue produced by the Fair, and the creditors, because the property would become less attractive to prospective purchasers and its value would be diminished.

For the reasons cited above, this Court has vacated the order granting a stay pending appeal.