## In re TRANSLOAD AND TRANSPORT, INC. (EIN 72–0920835), Debtor.

### Bankruptcy No. 85–01274.

United States Bankruptcy Court,
M.D. Louisiana.

April 14, 1986.

Durward McLaughlin, Baton Rouge, La., for Unsecured Creditors' Committee.

Frank M. Adkins, New Orleans, La., for GATX, *et al,* objecting creditors.

Mike Torian, New Orleans, La., for Smith Bros., objecting creditor.

Patrick F. McGrew, Baton Rouge, La., for debtor.

## MEMORANDUM REASONS FOR OPINION

WESLEY W. STEEN, Bankruptcy Judge.

The disclosure statement in this case came on for approval on March 31, 1986. Several creditors and the Unsecured Creditors' Committee filed objections to approval of the disclosure statement. In response, the Debtor asserts that no disclosure statement is required since the Debtor will request confirmation under § 1129(b) of the Bankruptcy Code.[1] The Debtor cites two cases as authority for the proposition that no disclosure statement is required when cramdown is the Debtor's expressed intention: *In re Stanley Hotel, Inc.,* 13 B.R. 926 (Bkrtcy., D.Colo.,1981), *In re Great Barrington Fair and Amusement, Inc.,* 53 B.R. 237 (Bkrtcy., D.Mass., 1985). Each of these cases contains language that generally confirms what the Debtor asserts. However, the statement in each case is dictum; in each case there was an approval of a disclosure statement. In fact, in the *Great Barrington Fair* case the issue was denial of a stay for distribution of the disclosure statement.

---

1. The Debtor apparently concedes that it cannot confirm a plan consensually.

There appears to be only one case that holds that a disclosure statement is not necessary in the circumstances described: *Matter of Union County Wholesale Tobacco & Candy Co., Inc.,* 8 B.R. 442 (Bkrtcy., D.N.J., 1981). However, there are two cases contra: *In re Forrest Hills Associates, Ltd.,* 18 B.R. 104 (Bkrtcy., D.Del., 1982) and *In re Rail King, Inc.,* 33 B.R. 4 (Bkrtcy., N.D.Ohio, 1983). The reasoning of the latter two cases appears more correct.

*Collier's on Bankruptcy,* ¶ 1125.03[2] states: "When acceptances or rejections are not required and/or not solicited, a disclosure statement is not required. Cases to the contrary are incorrect." The treatise cites as authority for that proposition *In re Stanley Hotel, Inc., supra; In re Union County Wholesale Tobacco & Candy Co., supra; In re Bel Air Associates, Ltd.,* 4 B.R. 168 (Bkrtcy., W.D.Okla., 1980). As noted, the statement to that effect in *Stanley Hotel* is dictum. The statement in *Bel Air Associates* is also dictum: "this Court, in its Order of February 22, 1980, approved the plan itself as the disclosure statement since the plan contains 'adequate information' ... Specifically this Court found that the plan contained adequate information to enable a reasonable investor to make an informed judgment about the plan."

More important, the *Collier's* conclusion does not appear cogent to the instant circumstances; *Collier* states the proposition as being applicable "when acceptances or rejections are not required." Acceptances are not required when no class of creditors is impaired because each class is deemed to accept. But the court in *Forrest Hills Associates* held that a disclosure statment is required even when the debtor asserts that all classes are unimpaired; the Court observed that the Debtor's statement that all classes were not impaired did not make it so; *Collier's* rejection of the *Forrest Hills* analysis might or might not be correct.

■ The instant case is not one in which all classes are unimpaired; therefore, the

Court need not decide whether a disclosure statement would be required in such circumstances. This Court holds, for reasons explained in *Rail King, supra,* that the mere assertion that plan confirmation will occur by cramdown is insufficient to avoid the necessity for solicitation of acceptances or rejections, and, therefore is insufficient to obviate the need for a disclosure statement.

■ There is additional support for the same conclusion. First, the Debtor has prepared a disclosure statement and has submitted it for approval; the Debtor apparently thought that a disclosure statement was required. Second, the Court would construe the preparation of a plan and the presentation of that plan to any creditor as the solicitation of a favorable vote; the Debtor in this case has apparently negotiated a plan with its primary, under-secured creditor. The presentation of that plan and the finality of it must constitute a solicitation of an acceptance of the plan, notwithstanding the fact that said creditor may have full access to the Debtor's financial information and cooperation because of the creditor's secured position and credit history and also notwithstanding the fact that the creditor is a known willing and favorably disposed voter because the plan was negotiated with that creditor. Since the Code requires a disclosure statement prior to such a solicitation, the Court concludes that there must be a disclosure statement even in such a case as this.

If there is going to be a disclosure statement, whether voluntarily submitted by the Debtor or necessary in order to satisfy the requirements of a disclosure statement notwithstanding a friendly solicited creditor, the disclosure statement should be approved by the Court. After review of the disclosure statement and of the objections to it, the disclosure statement will be approved if the following additions are made:

(1) Disclose the amount of undisputed claims in each class created by the plan;

(2) Disclose the amount of claims in each class filed in the case that Debtor disputes;

(3) Explain what claims, if any, are estimated and the method by which those claims were estimated;

(4) Attach *pro forma* financials:

(a) Balance sheet of recent date;

(b) Projected income statements over life of plan and projected sources and uses of funds; with regard to these statements, all significant assumptions must be disclosed;

(5) List of Debtor's significant assets, Debtor's estimate of valuation, and explanation of method by which that value was determined;

(6) A list of all affiliates as defined by § 101(2) of the Bankruptcy Code;

(7) Estimated return to each creditor in Chapter 7 and assumptions on which said estimates are based;

(8) Description of future management:

(a) Who;

(b) Experience;

(c) Past relationship with company;

(9) Source of information contained in disclosure statement.