**In re Roger H. FROMENT, Debtor.**

**Bankruptcy No. 94–43458.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 26, 1994.

Richard Askenase, Danvers, MA, for Federal Nat. Mortg. Ass'n.

Cecilia Calabrese, Chapter 13 Trustee.

## ORDER

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court for determination is a "Motion for Stay Pending Appeal" filed by the Roger H. Froment (the "Debtor") on August 19, 1994. The Debtor is seeking a stay of this Court's order of August 12, 1993, in which the Court, upon motion by filed by Federal National Mortgage Association (the "Lender"), dismissed the Debtor's case pursuant to 11 U.S.C. § 109(g).[1]

### I.  Background

The procedural history of the Debtor's case and the Chapter 13 case of his wife, Linda L. Froment (Case No. 94–42507), which was also dismissed upon Lender's motion on August 12, 1994, is relevant to the issues raised in the Debtor's appeal.

On June 25, 1993, Linda Froment filed a Chapter 13 petition (Case No. 93–15908) in response to Lender's scheduled foreclosure sale of certain property, located in Attleboro, Massachusetts (the "Property") and owned by Roger and Linda Froment as tenants by the entirety. The Chapter 13 Trustee, Joseph M. Szabo, filed a Motion to Dismiss on October 13, 1993. After a hearing on November 5, 1993, Bankruptcy Judge Joan N. Feeney dismissed Linda Froment's case pursuant to 11 U.S.C. § 109(g). The Debtor filed his first Chapter 13 petition (Case No. 94–40398) on February 1, 1994 in response to the Lender's second scheduled foreclosure sale of the property. On February 3, 1994, the Court ordered the Debtor to update the

---

**1.** Section 109(g) provides:

  (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

    (1) the case was dismissed by the court for willful failure of the debtor to abide by or-

ders of the court, or appear before the court in proper prosecution of the case;  or

    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

petition by filing various missing documents no later than February 18, 1994. The case was dismissed on March 22, 1994, for failure of the Debtor to file those missing documents, including a Chapter 13 Plan and schedules, and for failure to pay the filing fee.

Lender rescheduled the foreclosure sale for June 3, 1994. On June 1, 1994, Linda Froment filed her second Chapter 13 petition (Case No. 94–42507). Lender postponed the foreclosure sale until August 3, 1994. On June 27, 1994, in Linda Froment's second Chapter 13 case, Lender filed its "Mortgagee's Motion to Dismiss under 109(g) or, in the alternative, for Relief from Automatic Stay and for Leave to Foreclose Mortgage." Judge Queenan granted the Lender's request for relief from stay in Linda Froment's second Chapter 13 case on July 18, 1994. On the date of the postponed foreclosure sale, August 3, 1993, the Debtor filed his second Chapter 13 petition, thereby instituting the instant case. Lender responded immediately on August 4, 1994, by filing in the Debtor's case its "Mortgagee's Motion to Dismiss under 109(g) and for Sanctions" accompanied by a request for emergency hearing. Debtor, through counsel Sean C. Murphy, Esq., filed "Debtor's Objection to Mortgagee's Motion to Dismiss under 109(g) and for Sanctions" on August 10, 1994. On August 11, 1994, the Court granted the Lender's request for emergency hearing and scheduled a hearing for August 15, 1994 at 10:00 a.m. in Worcester. Back on the Linda Froment front, on August 10, 1994, Linda Froment, through Attorney Murphy, filed "Debtor's Motion for Emergency Hearing or Ruling Vacating the Order Granting Relief from Stay and Voiding a Foreclosure Sale." The Court granted Linda Froment's request for emergency hearing and scheduled a hearing for August 12, 1994.

Without objection raised by either counsel to the Lender or counsel to either debtor, Roger Froment or Linda Froment, the Court heard both emergency hearings on August 12, 1994. At the hearing on August 12, 1994,

both Debtor and Linda Froment were represented by Attorney Murphy. Said counsel argued that Judge Queenan's order of July 18, 1994 granting relief from stay in Linda Froment's case should be vacated on the grounds that Linda Froment, allegedly pro se at the time that the Lender filed its motion, never had an opportunity to object to the motion because she had never received a copy of the motion.[2] Attorney Murphy argued that Roger Froment was "forced" to file the instant Chapter 13 petition on August 3, 1994, as a result of the allegedly defective notice of the Lender's motion for relief from stay in Linda Froment's case and due to the immediacy of the foreclosure sale.

With respect to the Lender's Motion in the Debtor's case, Attorney Murphy also argued that the case should not be dismissed under § 109(g) since Roger Froment's prior case (94–40398) was not dismissed *with prejudice* on March 22, 1994. In further support, counsel argued that the Debtor was pro se at the time he filed the prior case and did not fully comprehend the importance of timely compliance with orders of the Court. Counsel added that Roger Froment was prepared to voluntarily dismiss his case if the Court vacated Judge Queenan's order of July 18, 1994 and reinstated the automatic stay in Linda Froment's case. Finally, the Chapter 13 Trustee, Cecilia Calabrese, reported that Linda Froment had failed to appear at the Section 341 meeting scheduled for August 9, 1994 in connection with her case.

The Court determined that, since the Debtor's prior case (94–40398) was dismissed on March 22, 1994 for failure to comply with the Court's order of February 3, 1994 to update the petition, the Debtor's instant Chapter 13 filing violated § 109(g). The Court dismissed the Debtor's case pursuant to § 109(g), but denied an award of sanctions to Lender's counsel.[3] With respect to Linda Froment's case, the Court noted a bad faith pattern of her failure to prosecute her bankruptcy petitions. Specifically, in her second filing (94–42507), the Debtor failed to file

---

2. The Lender's certificate of service alleges that a copy was timely sent to Linda Froment by first class mail, postage pre-paid.

3. Fortunately for the Debtor and his counsel, the Lender did not seek appellate review of the denial of sanctions.

schedules "I" and "J" and failed to appear at the scheduled 341 hearing. After determining that there was no reason to vacate the Judge Queenan's order of July 18, 1994, the Court also dismissed Linda Froment's case.

The movant alleges that on August 15, 1994, the Property was foreclosed upon by the Lender and that the Lender purchased the Property at the foreclosure sale.

In the late afternoon of Friday, August 19, 1994, the Debtor filed a Notice of Appeal of this Court's order of August 12, 1994. The Debtor also filed a "Statement of Issues for Appeal", "Designation of Items for Appellate Board", "Motion for Stay Pending Appeal" and "Motion for Court Order Restoring Property Ownership." After reviewing the papers and applicable law as well as listening to the tape of the hearing, the Court makes the following rulings on the Debtor's "Motion for Stay Pending Appeal" pursuant to Fed. R.Bankr.P. 8005.

## II. Discussion

■ In order to obtain a stay pending appeal, the movant must establish the following factors: 1) a likelihood of success on the merits of its appeal; 2) irreparable harm to movant if relief is not granted; 3) a potential harm to movant greater than the injury the appellee would suffer if the stay is granted; and 4) the stay would not harm public policy. *See e.g., In re Public Service Co. of New Hampshire,* 116 B.R. 347 (Bankr.D.N.H. 1990); *In re Great Barrington Fair and Amusement, Inc.,* 53 B.R. 237 (Bankr. D.Mass.1985).

In the Debtor's "Motion for Stay Pending Appeal", the Debtor states that he "intends to appeal Judge Henry Boroff's judgment granting Mortgagee *relief from stay* (granted on August 12, 1994)." (emphasis supplied). However, the Court's order of August 12, 1994 dismissed the Debtor's case pursuant to § 109(g). The order did not grant relief from the automatic stay.

Furthermore, in Debtor's brief, the Debtor asserts that the only reason that the instant bankruptcy petition was filed was because of the alleged defective order granting relief from stay in Linda Froment's case. Addi-

tionally, the Debtor asserts that the bankruptcy process is not "user friendly" because "additional hurdles are being placed in the path of debtors to make it virtually impossible for debtors to represent themselves" and that the "bankruptcy courts often treat pro se debtors like second class citizens."

■ This Court is unconvinced that the Debtor will succeed on the merits of his appeal. Firstly, the Debtor has not provided a plausible reason as to why this Court's order dismissing the Debtor's case pursuant to § 109(g) was improper. The Debtor opines that, since Judge Queenan allegedly entered an incorrect order on July 18, 1994 in Linda Froment's case, the Debtor's bankruptcy filing was proper. This Court is unpersuaded that the order complained of in Linda Froment's case was defective. And, even if that order was improper, it is irrelevant to the Debtor's attempt to override the provisions of § 109(g) in his case. In his first Chapter 13 case, filed within 180 days of his second filed case, the Debtor clearly failed to properly prosecute his case by failing to respond to the Court's order of February 3, 1994. Secondly, the Debtor's allegation that pro se debtors are treated unfairly in the bankruptcy process is non-specific. This Court is unable to discern a difference in treatment. And, even if such unfairness were more cogently stated, it would not be applicable to this case. Not only did Attorney Murphy file an opposition to the "Mortgagee's Motion to Dismiss under § 109(g) and for Sanctions" *in the Debtor's case,* he also appeared and argued on behalf of the Debtor at the hearing on August 12, 1994. Accordingly, the Court finds that the Debtor has not established a likelihood of success on the merits of his appeal.

As to the remaining factors to be considered by this Court, none would sustain favorable action on the motion here. While the Debtor may suffer irreparable harm if relief is not immediately granted (i.e., the Property may be resold by the Lender), the Court believes that such harm is not greater than the injury that the Lender will suffer if the stay is granted. The Lender has been subjected to four bankruptcy filings over the past year, none of which was properly prose-

cuted. Also, the Lender has incurred substantial costs in postponing the foreclosure sales and in prosecuting motions in this Court without any assurance that these costs are recoverable. Finally, the public interest dictates a result that discourages abusive and bad faith filings. Such filings mire the bankruptcy process in the eyes of the public and reduce confidence by secured creditors that the Bankruptcy Court is a place where they too can find equity.

For the reasons set forth above, the Court hereby denies Debtor's "Motion for Stay Pending Appeal", pursuant to Fed. R.Bankr.P. 8005.